## JOHN F. BARTLEY, JR. *v.* PATRICIA A. BARTLEY
### (10292)

FOTI, HEIMAN and FREEDMAN, Js.

Argued January 13—decision released March 24, 1992

*Michael J. Devlin,* for the appellant (plaintiff).

*Robert B. Katz,* for the appellee (defendant).

HEIMAN, J. The plaintiff father appeals from the trial court's granting of the defendant's motion to modify child support. He claims that the trial court improperly granted the motion because (1) the defendant failed to prove a substantial change in circumstances and

(2) sufficient deviation criteria existed to justify a departure from the family support guidelines.[1]

The following facts are pertinent to the resolution of this appeal. The marriage between the plaintiff, John F. Bartley, Jr., and the defendant, Patricia A. Bartley, was dissolved on December 1, 1987. The parties were awarded joint custody of their three minor children, with the children having their principal place of residence with the defendant. The court further ordered the plaintiff to pay $80 per week for the support of the oldest child, and $135 per week for the support of each of the two younger children. Thus, the plaintiff's child support obligation totaled $350 per week. The trial court also issued other orders not pertinent to this appeal.

The eldest child reached the age of majority on August 30, 1990. On November 9, 1990, the defendant filed a motion to increase the child support order based on a substantial change in circumstances.[2] The trial court held a hearing on the motion to modify and the parties were notified on April 24, 1991, that the plaintiff's child support obligation was modified as follows: "support in accord with guidelines $445."

On April 30, 1991, the plaintiff filed a motion requesting reargument on and reconsideration of the defendant's motion to modify. The motion set forth neither a factual nor a legal basis in support of the requests. Although no hearing on the motion for reargument and for reconsideration was held, the trial court issued the

---

[1] At oral argument, the plaintiff explicitly abandoned his third claim that the family support guidelines do not apply to judgments rendered prior to the enactment of the guidelines. See *Turner* v. *Turner*, 219 Conn. 703, 718, 595 A.2d 297 (1991).

[2] The plaintiff also filed a motion seeking reductions in his child support and alimony payments. The court reduced the plaintiff's alimony payments from $175 per week to $125 per week. The trial court's modification of the plaintiff's alimony payments is not at issue in this appeal.

following order on May 17, 1991: "Granted. Support modified to $375 per week, inasmuch as plaintiff educating child and defendant has additional income."

The plaintiff appeals from the trial court's decision granting the defendant's motion to modify the support order. Neither party has contested the trial court's reconsideration and modification of that order without a hearing. Nonetheless, the trial court's failure to afford a hearing on the motion to reargue and for reconsideration deprived the parties of their due process rights to be heard. As such, the interests of justice require that we review, under the plain error doctrine, the trial court's failure to hold a hearing. See Practice Book § 4185; *Stoni* v. *Wasicki,* 179 Conn. 372, 377, 426 A.2d 774 (1979).

In his April 30, 1991 motion, the plaintiff simply requested reargument on and reconsideration of the trial court's order increasing his child support payments. The plaintiff advanced no particular grounds in support of the motion. The language of the trial court's order on the motion to reargue and for reconsideration suggests, however, that it concluded that reconsideration of its April 24, 1991 order was required based on a factual determination that it reached sometime after April 24, 1991. The parties were not afforded a hearing to contest the factual predicate on which the court apparently acted or to overcome those facts with countervailing ones.

It is a fundamental tenet of due process of law as guaranteed by the fourteenth amendment to the United States constitution and article first, § 10, of the Connecticut constitution that persons whose property rights will be affected by a court's decision are entitled to be heard " 'at a meaningful time and in a meaningful manner. *Armstrong* v. *Manzo,* 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 [1965].' " *Roundhouse*

*Construction Corporation* v. *Telesco Masons Supplies Co.,* 168 Conn. 371, 376–77, 362 A.2d 778, vacated, 423 U.S. 809, 96 S. Ct. 20, 46 L. Ed. 2d 29 (1975), on remand, 170 Conn. 155, 365 A.2d 393, cert. denied, 429 U.S. 889, 97 S. Ct. 246, 50 L. Ed. 2d 172 (1976); see also *Society for Savings* v. *Chestnut Estates, Inc.,* 176 Conn. 563, 574–75, 409 A.2d 1020 (1979). Because the parties were not afforded an opportunity to subject the factual determinations underlying the trial court's decision on the motion to reargue and for reconsideration to "the crucible of meaningful adversarial testing"; *United States* v. *Cronic,* 466 U.S. 648, 656, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984); the order cannot be sustained. See *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.,* supra, 385.

We recognize that plain error review must be undertaken sparingly. *Berchtold* v. *Maggi,* 191 Conn. 266, 274, 464 A.2d 1 (1983). In this case, however, the absence of a hearing created a manifest injustice amounting to plain error. See Practice Book § 4185; *Small* v. *South Norwalk Savings Bank,* 205 Conn. 751, 760, 535 A.2d 1292 (1988); *Valley* v. *Fazzina,* 187 Conn. 423, 428, 446 A.2d 1068 (1982). As a result, the trial court's action on the plaintiff's motion to reargue and for reconsideration cannot stand.

In addition, we must imply from the trial court's order on the motion to reargue and for reconsideration that its decision on the motion to modify was based on an incomplete analysis of the pertinent facts. As such, its decision on the original motion to modify also cannot stand.

The orders granting the motion to modify child support and granting the motion to reargue and for reconsideration are reversed and the case is remanded for a new hearing on the defendant's motion to modify.

In this opinion the other judges concurred.