## DEBORAH MULLIN *v.* VINCENT R. MULLIN (10919)

DUPONT, C. J., NORCOTT and HEIMAN, Js.

Argued June 10—decision released August 18, 1992

*Philip K. Meister,* for the appellant (plaintiff).

*Vincent R. Mullin,* pro se, the appellee (defendant).

DUPONT, C. J. The plaintiff appeals from the judgment of the trial court denying her motion to modify child support. Because we conclude that the trial court failed to consider whether child support should be modified on the basis of a substantial deviation from the guidelines pursuant to General Statutes § 46b-86 as amended by Public Acts 1991, No. 91-76,[1] we reverse the judgment of the trial court.

[1] Section 1 of Public Acts 1991, No. 91-76, repealed General Statutes § 46b-86 and substituted the following in lieu thereof: "(a) Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. THERE SHALL BE A REBUTTABLE PRESUMPTION THAT ANY DEVIATION OF LESS THAN FIFTEEN PER CENT FROM THE CHILD SUPPORT GUIDELINES IS NOT SUBSTANTIAL AND ANY DEVIATION OF FIFTEEN PER CENT OR MORE FROM THE GUIDELINES IS SUBSTANTIAL. MODIFICATION MAY BE MADE OF SUCH SUPPORT ORDER WITHOUT REGARD TO WHETHER THE ORDER WAS ISSUED BEFORE, ON OR AFTER THE EFFECTIVE DATE OF THIS ACT. In determining whether to modify a child support order based on a substantial deviation from such child support guidelines the court shall consider the division of real and personal property between the parties set forth in the final decree and the benefits accruing to the child as the result of such division. After the date of judgment, modification of any child support order issued before or after July 1, 1990, may be made upon a showing of such substantial change of circumstances, whether or not such change of circumstances was contemplated at the time of dissolution. By written agreement, stipulation or by decision of the court, those items or circumstances that were contemplated and are not to be changed may be specified in the written agreement, stipulation or decision of the court. This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law. No order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that

The marriage of the parties was dissolved on February 5, 1988. There was one child born to the parties during the marriage, who was a minor at the time of the dissolution. Pursuant to the judgment of dissolution, the defendant was ordered to pay child support in the amount of $75 per week.

On November 7, 1991, the plaintiff filed a motion to modify both the visitation order, which is not the subject of this appeal, and the support order. The motion alleged that, since the date of judgment, "the circumstances of the parties have substantially changed."

On December 4, 1991, both parties appeared before the court represented by counsel. The financial affidavit submitted by the defendant showed a net weekly income of $453.73. The financial affidavit submitted by the plaintiff showed a net weekly income of $248.81. It should have shown a net weekly income of $371.07 based on the figures provided.[2] At the hearing on the motion, counsel for the plaintiff argued for child support in accordance with the Connecticut child support guidelines. According to the plaintiff, the guidelines require weekly child support in the amount of $117. Counsel for the defendant argued that there should be a deviation from the guidelines because of the expenses incurred by the defendant in exercising his visitation rights.

the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party pursuant to section 52-50."

[2] We note that in the plaintiff's financial affidavit the total of the itemized deductions from gross income is $173.81, while the figure entered for total deductions and used to determine net weekly wage is $296.07. The figures for total deductions and net weekly wage have been transposed. Properly presented, the plaintiff's net weekly wage is $296.07, and total deductions equal $173.81. Her total net weekly income, which includes $75 in child support, therefore, is actually $371.07, rather than $248.81 as shown.

On December 5, 1991, the trial court issued its memorandum of decision denying the motion after concluding that "the court does not find such a change of circumstances as would warrant a modification of child support." This appeal followed.

The court has the power to modify a child support order on the basis of a substantial deviation from the guidelines independent of whether there has been a substantial change in the circumstances of a party. "Both the 'substantial change of circumstances' and the 'substantial deviation from child support guidelines' provision establish the authority of the trial court to modify existing child support orders to respond to changed economic conditions. The first allows the court to modify a support order when the financial circumstances of the individual parties have changed, regardless of their prior contemplation of such changes. The second allows the court to modify child support orders that were once deemed appropriate but no longer seem equitable in the light of changed social or economic circumstances in the society as a whole, as reflected in the mandatory periodic revisions of the child support guidelines. See General Statutes § 46b-215a." *Turner* v. *Turner,* 219 Conn. 703, 718, 595 A.2d 297 (1991).

The plaintiff's motion alleged a substantial change in the circumstances of the parties as the basis for modification, rather than a substantial deviation from the child support guidelines. Neither party, however, argued to the trial court the issue of whether there had been a substantial change in the circumstances of a party. Instead, both parties argued about the manner in which the guidelines should be applied to the particular facts presented by this case. In the context of a trial court's consideration of a motion to modify, the guidelines become relevant only after a change in circumstances has been shown, if that is the ground urged in support of modification; *Glinski* v. *Glinski,* 26 Conn.

App. 617, 625, 602 A.2d 1070 (1992); or in determining whether the existing child support order substantially deviates from the guidelines, if that is the ground urged in support of modification. In this case, the defendant made no procedural objection based on the enlargement of the basis for the motion for modification. Any lack of notice that the modification was sought based on a substantial deviation from the child support guidelines was, therefore, waived by the defendant. *Turner* v. *Turner,* supra, 705 n.3; see also *Tedesco* v. *Stamford,* 215 Conn. 450, 462–63, 576 A.2d 1273 (1990). The issue of whether the existing child support order substantially deviates from the guidelines was squarely presented to the trial court. It was therefore incumbent on the trial court to decide the case on the ground presented.

General Statutes § 46b-86 provides the Superior Court with the authority, inter alia, to modify a child support award "upon a showing that the final order for child support subtantially deviates from the child support guidelines established pursuant to section 46b-215a . . . ." Public Acts 1991, No. 91-76, amended § 46b-86 to provide that "[t]here shall be a rebuttable presumption that any deviation of less than fifteen per cent from the child support guidelines is not substantial and any deviation of fifteen per cent or more from the guidelines is substantial." Here, the current support amount of $75 deviates more than fifteen percent from the child support guidelines amount of $117.

The trial court was, therefore, required to consider the guidelines in determining the defendant's child support obligation. "In all such determinations there shall be a rebuttable presumption that the amount of such awards which resulted from the application of such guidelines is the amount of support to be ordered. A specific finding on the record that the application of the guidelines would be inequitable or inappropriate in

a particular case, as determined under criteria established by the commission under section 46b-215a, shall be sufficient to rebut the presumption in such case." General Statutes § 46b-215b (a).

The defendant argues that he successfully rebutted the presumption on the basis of the needs of other dependents, significant visitation expenses, and extraordinary unreimbursable medical expenses. He correctly points out that these factors are appropriately considered by a trial court in determining whether the application of the guidelines would be inequitable or inappropriate. See *Favrow* v. *Vargas,* 222 Conn. 699, 713 n.17, 610 A.2d 1267 (1992). The trial court, however, never made any finding on the record regarding the defendant's claims.

A trial court "improperly deviate[s] from the child support guidelines in the absence of a specific finding on the record that application of the guidelines would be inequitable or inappropriate according to the deviation criteria established in the guidelines." *McHugh* v. *McHugh,* 27 Conn. App. 724, 729, 609 A.2d 250 (1992); *Savage* v. *Savage,* 25 Conn. App. 693, 698, 596 A.2d 23 (1991). The case must be remanded so that the trial court will have the opportunity to give due consideration to the defendant's claims and to make a specific finding regarding whether the application of the child support guidelines would be inequitable or inappropriate according to the deviation criteria established in the guidelines.

The judgment is reversed and the case is remanded to the trial court for a new hearing on the motion to modify child support.

In this opinion the other judges concurred.