FELIPE CASTRO *v.* MARIANNE CASTRO
(11467)

DALY, FREEDMAN and SCHALLER, Js.

Argued March 23—decision released June 29, 1993

*Felipe Castro,* pro se, the appellant (plaintiff).

*Gloria L. Kelly,* for the appellee (defendant).

SCHALLER, J. The plaintiff appeals from various post-judgment orders rendered by the trial court. The plaintiff asserts that the trial court improperly (1) failed to find the defendant in contempt for her failure to allow the plaintiff access to an automobile stored at the marital residence, (2) denied the plaintiff's motion to modify child support, (3) determined that the plaintiff failed to establish fraud, and (4) awarded counsel fees of $2500 to the defendant. We affirm the judgment of the trial court with respect to the first three issues and reverse and remand with respect to the fourth issue.

The marriage of the parties was dissolved on October 11, 1990. The trial court rendered the judgment of dissolution pursuant to the parties' oral stipulations. The plaintiff agreed to pay child support for the par-

ties' minor child in the amount of $125 per week. Both parties waived all claims for alimony. The defendant was given exclusive possession of the marital residence. Each party was ordered to keep the personal property in his or her possession at the time of dissolution.

Subsequent to the judgment of dissolution, the parties filed several motions on which the trial court conducted hearings on May 8, 1992, and May 19, 1992. Among those motions heard on behalf of the plaintiff are (1) a motion for contempt for failure to provide the plaintiff access to an automobile kept at the marital residence, (2) a motion to modify the child support order, and (3) a motion for discovery requesting that the defendant reveal the total amount of a settlement award for an automobile accident. After a hearing, the court denied each of those motions. On May 8, 1992, the defendant filed a motion for counsel fees with the clerk's office.[1] In its memorandum of decision, dated May 28, 1992, the court granted counsel fees to the defendant. This appeal followed.[2]

I

The plaintiff first claims that the trial court improperly failed to find the defendant in contempt for allegedly denying the plaintiff access to an automobile stored at the marital residence. We disagree.

Although the dissolution judgment ordered each party to keep the personal property in his or her possession, the plaintiff claims that the parties reached an agreement that the automobile belonged to him and would be stored at the marital home for an unspecified period. In September, 1991, the defendant filed a motion for contempt requesting that the court order

[1] There is disagreement as to whether the motion for counsel fees was in fact filed with the court. We need not address this issue since we find that there was no hearing.

[2] Additional facts will be set forth where pertinent.

the plaintiff to remove the automobile from the marital residence. The court, however, did not grant or deny the motion because the parties came to an agreement that the car would be removed. In April, 1992, the plaintiff filed a motion for contempt alleging that, contrary to the agreement, the defendant denied him access to the automobile and caused severe damage to the car while it was in storage. After a hearing, the trial court denied the motion, finding that the defendant never was ordered to convey possession of the automobile to the plaintiff.

"To find a party in contempt, a trial court must conclude that a party has disobeyed an order of the court. Contempt is a disobedience to the rules and orders of a court which has power to punish for such an offense. . . . A civil contempt is one in which the conduct constituting the contempt is directed against some civil right of an opposing party and the proceeding is initiated by him." (Citations omitted; internal quotation marks omitted.) *Fitzgerald* v. *Fitzgerald,* 16 Conn. App. 548, 551, 547 A.2d 1387, cert. denied, 210 Conn. 802, 553 A.2d 615 (1988).

In the present case, the trial court properly denied the plaintiff's motion for contempt because the defendant's actions did not violate an order of the court. The dissolution decree ordered each party to keep the personal property in his or her possession. The trial court found, based on testimony given during the hearing, that the automobile was in the possession of the defendant at the time of the dissolution. The court that rendered the dissolution judgment never ordered the defendant to release possession of the automobile. Likewise, after hearing the defendant's subsequent motion for contempt, the court did not order her to convey possession. As the trial court properly concluded, the court cannot find the defendant in contempt where her actions did not violate any court order.

## II

The plaintiff next challenges the judgment of the trial court denying his motion for modification of child support. He claims that the trial court improperly deviated from the child support guidelines. We disagree.

Pursuant to the judgment of dissolution, the plaintiff was ordered to pay child support in the amount of $125 per week.[3] In September, 1991, the plaintiff filed a motion for modification in accordance with General Statutes § 46b-86,[4] in which he alleged a substantial change in circumstances of the parties. When the parties appeared before the court, however, the plaintiff did not argue that a substantial change in circumstances had occurred but that the child support order deviated from the child support guidelines.[5]

Both parties agreed at the hearing that a deviation from the child support guidelines had occurred.[6] The court requested that each party submit child support

---

[3] Since the judgment of dissolution was based on the parties' oral stipulations, the court did not articulate any specific findings with respect to child support.

[4] General Statutes § 46b-86 (a) provides in pertinent part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. . . ."

[5] Since the issue whether the existing child support order deviates from the guidelines was squarely presented to the trial court, and the defendant made no objection based on the altered basis for the motion for modification, the trial court properly decided the case on the ground of deviation. *Mullin* v. *Mullin,* 28 Conn. App. 632, 636, 612 A.2d 796 (1992).

[6] In his motion for modification, the plaintiff argued that the guidelines required him to pay $105.64. The defendant claimed that the plaintiff was obligated to pay $112.18 under the guidelines.

calculations pursuant to the guidelines. After reviewing the parties' figures, the trial court upheld the deviation stating that "[i]t is clear that the wife received no alimony despite a marriage in excess of twenty years. The court finds that it would be inequitable to follow the guidelines under these circumstances. . . ." The court further held that it would be in the best interest of the child to continue the support at that level.

General Statutes § 46b-215 (a) provides that the child support guidelines shall be considered in all determinations of child support amounts.[7] It further provides that "[i]n all such determinations there shall be a rebuttable presumption that the amount of such awards which resulted from the application of such guidelines is the amount of support . . . to be ordered." This presumption, however, may be rebutted by "[a] specific finding on the record that the application of the guidelines would be inequitable or inappropriate in a particular case" as determined by the application of the deviation criteria established in the guidelines.[8]

---

[7] General Statutes § 46b-215b (a) provides: "The child support and arrearage guidelines promulgated pursuant to section 8 of public act 85-548 and any updated guidelines issued pursuant to section 46b-215a shall be considered in all determinations of child support amounts and payment on arrearages and past due support within the state. In all such determinations there shall be a rebuttable presumption that the amount of such awards which resulted from the application of such guidelines is the amount of support or payment on any arrearage or past due support to be ordered. A specific finding on the record that the application of the guidelines would be inequitable or inappropriate in a particular case, as determined under criteria established by the commission under section 46b-215a, shall be sufficient to rebut the presumption in such case."

[8] The guidelines specify the following deviation criteria: substantial assets owned by a party; the division of property, assets, and debts; special needs of the children; extraordinary education expenses; alimony; needs of other dependents; extraordinary unreimbursable medical expenses; shared custody arrangements; tax planning consequences; significant visitation expenses; parental support available to a minor parent; best interest of the child(ren); and other equitable factors. Connecticut Child Support Guidelines (January 1991) (a) (3) (A) through (a) (3) (N).

General Statutes § 46b-215b (a); *Martone* v. *Martone,* 28 Conn. App. 208, 219–20, 611 A.2d 896, cert. granted, 224 Conn. 909, 617 A.2d 166 (1992). It is clear, therefore, that a specific finding on the record may rebut the presumption under the guidelines. *McHugh* v. *McHugh,* 27 Conn. App. 724, 728, 609 A.2d 250 (1992).

In this case, the court made a specific finding that the application of the guidelines would be inequitable in this case. The court based its determination on two of the deviation criteria set forth in the guidelines, alimony and the best interests of the child. We conclude, therefore, that the trial court did not improperly deviate from the child support guidelines and properly denied the plaintiff's motion for modification of child support.

### III

The plaintiff next claims that the trial court improperly denied his request for relief arising out of the defendant's failure to disclose her true assets at the time of dissolution. We disagree.

The plaintiff filed a motion to open,[9] claiming that the defendant defrauded him in the course of the dissolution proceedings. Specifically, he claims that the defendant falsely portrayed her financial status by omitting an expected settlement award resulting from an automobile accident. In response to the motion, the trial court determined that the plaintiff did not meet his burden of proving fraud and denied his motion.

This court has recognized the need for a full and fair disclosure of information in a financial affidavit. *Niles* v. *Niles,* 9 Conn. App. 240, 251, 518 A.2d 932 (1986).

---

[9] The motion in fact was entitled "Motion to Order." The trial court and the parties, however, have at all times treated it as a motion to open. We, therefore, refer the motion as a motion to open.

"[A] misrepresentation of assets and income is a serious and intolerable dereliction on the part of the affiant which goes to the very heart of the judicial proceeding. . . . It follows, therefore, that a judgment rendered by the court with consent of the parties may be subsequently opened if it is shown that the stipulated settlement was obtained by fraud or intentional material misrepresentation." *Jucker* v. *Jucker,* 190 Conn. 674, 677, 461 A.2d 1384 (1983).

There are three conditions necessary to a trial court's granting of relief from a dissolution judgment secured by fraud: (1) There must have been no laches or unreasonable delay by the injured party after the fraud was discovered. (2) There must be clear proof of the perjury or fraud. (3) There must be a substantial likelihood that the result of the new trial will be different. *Billington* v. *Billington,* 220 Conn. 212, 218, 595 A.2d 1377 (1991).

In the present case, the trial court concluded that there was no clear proof of fraud, relying on the following subordinate facts. The defendant received $98,550.68 in June, 1990, in settlement of her claims arising from an automobile accident. After paying attorney's fees and other expenses, the plaintiff represented a balance of $28,000 on her financial affidavit. At the time of dissolution, the defendant was not aware that she would receive any additional payments in settlement of her claims. After the parties' marriage was dissolved, the defendant received an additional $50,000 of which she retained $33,000. On the basis of this evidence, the trial court found that the plaintiff did not present any clear proof of the alleged fraud.

"A factual finding may be rejected by this court only if it is 'clearly erroneous.' " *Jucker* v. *Jucker,* supra, 679. This court may not substitute its own opinion for the factual finding of the trial court. Id. The trial court's

findings are adequately supported by the record and its conclusion that there was no clear proof of fraud is legally and logically consistent with the facts. We conclude that the trial court's denial of the plaintiff's motion to open was not clearly erroneous.

## IV

The plaintiff next argues that the trial court's award of counsel fees to the defendant was improper because no hearing was held prior to the award. We agree.

A hearing was held on May 8, 1992, which resumed on May 19, 1992, regarding the motions filed by both parties. While the trial court reviewed the list of motions to be heard with the parties, the defendant's counsel explained that she had filed a motion for counsel fees with the court on that same day, May 8, 1992. The court acknowledged that as of the commencement of the hearings, the motion had not yet been "coded into the court's system." After a careful review of the record, we find no indication that a hearing took place regarding the defendant's motion for counsel fees either on May 8, 1992, or May 19, 1992. The court did, however, render a memorandum of decision stating that "[t]he court, having heard the motion for counsel fees, finds that the attorney's fees charged are fair and reasonable under all the circumstances." The court thereupon awarded counsel fees in the amount of $2500 based on the statutory criteria set forth in General Statutes § 46b-62.[10]

The plaintiff contends that the court improperly failed to conduct a hearing with respect to the defendant's

---

[10] General Statutes § 46b-62 provides in pertinent part: "In any proceeding seeking relief under the provisions of this chapter and sections 17-323a, 17-323b, 45a-257, 46b-1, 46b-6, 46b-204, 47-14g, 51-348a and 52-362, the court may order either spouse . . . to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82. . . ."

motion for counsel fees, in violation of his due process right to be heard. We considered a similar issue in *Bartley* v. *Bartley,* 27 Conn. App. 195, 604 A.2d 1343 (1992). In *Bartley* the plaintiff filed a motion to reargue and for reconsideration after the trial court granted the defendant's motion to modify the child support order. The trial court did not conduct a hearing on the plaintiff's motion and subsequently rendered a decision based on a factual determination. Since the parties were not afforded a hearing to contest the factual predicate on which the court apparently acted or to overcome those facts with countervailing ones, we found that the trial court's failure to conduct a hearing on the plaintiff's motion violated the parties' due process right to be heard. Id., 198.

"It is a fundamental tenet of due process of law as guaranteed by the fourteenth amendment to the United States constitution and article first, § 10, of the Connecticut constitution that persons whose property rights will be affected by a court's decision are entitled to be heard at a meaningful time and in a meaningful manner. . . ." (Citation omitted; internal quotation marks omitted.) Id., 197. Where a party is not afforded an opportunity to subject the factual determinations underlying the trial court's decision to " 'the crucible of meaningful adversarial testing,' " an order cannot be sustained. Id., 198.

In this case, the trial court based its decision to grant counsel fees on a factual determination that the charges were fair and reasonable. The court found that the plaintiff had the ability to pay $2500 of counsel fees on a periodic basis.[11] Here, as in *Bartley,* the plaintiff

[11] The defendant agrees that the court did not hear testimony specific to her motion for counsel fees, either on May 8, 1992, or May 19, 1992. The defendant argues, however, that evidence presented in connection with other motions supports the trial court's granting of counsel fees.

was not afforded a hearing to contest the factual determination of the court. Specifically, he was not permitted to challenge the reasonableness of the counsel fees or services rendered. Nor was he afforded the opportunity to contest his ability to pay such fees. We conclude that the court improperly awarded attorney's fees to the defendant without first conducting a hearing on the matter.

The judgment is reversed as to the award of counsel fees only and the case is remanded for a new hearing on the motion for counsel fees.

In this opinion the other judges concurred.