[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPEAL FROM DECISION OF SUPPORT MAGISTRATE
The marriage between the plaintiff, Bonnie O'Neill, and the defendant, Joseph Novak, was dissolved on July 8, 1987 in Ohio. The plaintiff subsequently moved to Connecticut, and the decree of dissolution was entered by judgment of this court, Ryan, J., on January 22, 1990. The decree provided that the defendant would pay $277.50 per week in child support. The parties have three minor children, who reside with the plaintiff. A modified visitation schedule was entered on March 12, 1990 which provided that the parties would share the cost of visitation travel expenses.
The present appeal stems from three motions filed by the parties which were heard by a family support magistrate. The plaintiff filed a Motion to Increase Child Support, dated September 20, 1990. The defendant filed a Motion to Decrease Child Support, dated April 7, 1991, as well as a Motion for Payment of Visitation Travel Expenses, dated April 3, 1991.
On June 29, 1992, the above motions and a Motion to Enforce Order of Visitation, dated September 12, 1991, were scheduled for a hearing in front of Magistrate Kotchiss-Frankel (hereinafter "Magistrate"). According to the defendant, plaintiff told the Magistrate that defendant would be several hours late. The Magistrate then marked off defendant's motions, and granted plaintiff's Motion to Increase Child Support. Only July 8, 1992, the defendant appealed from the magistrate's decision pursuant to General Statutes 46b-231 (n) and later filed an application for leave to present additional evidence at such appeal. On July 31, CT Page 8115 1991, this court, Coppeto, J. remanded the case to the Magistrate for a full hearing and provided that in the interim, the orders entered by the Magistrate would stand.
On September 28, 1992 and November 23, 1992, hearings were held where the state of Connecticut appeared as an interested party because plaintiff had requested non-AFDC title IV-D support enforcement services.[1] At the November hearing, the Magistrate denied plaintiff's motion for upward modification and defendant's motion for downward modification. The Magistrate construed defendant's Motion for Payment of Visitation Travel Expenses as a request for a deviation from the Ohio child support guidelines, and granted such request by decreasing the weekly child support from $277.50 to $208.00.
On December 7, 1992, the plaintiff and the state filed the present appeal pursuant to General Statutes 46b-231 (n). The state and the plaintiff seek to vacate the Magistrate's order regarding visitation travel expenses and plaintiff also seeks a reversal of the Magistrate's order denying her request for an upward modification of child support. On December 21, 1992, the defendant filed an objection to plaintiff's petition to appeal. Timeliness
General Statutes 46b-231 (n)(3) requires an appeal from a decision of a family support magistrate to be filed no later than fourteen days after the filing of the final decision. The plaintiff's appeal was filed on December 7, 1992, fourteen days after the November hearing. Therefore, the court finds that the plaintiff's appeal is timely.
Aggrievement
General Statutes 46b-231 (n)(1) provides that "a person aggrieved by a final decision of a family support magistrate is entitled to judicial review . . . ." To show aggrievement, a party must demonstrate a specific, personal, and legal interest in the subject matter of the decision, as distinguished from a general interest, and must establish that this specific, personal and legal interest has been specifically and injuriously affected by the decision. Winchester Woods Association v. Planning Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953 (1991). It is found that since the Magistrate's decision has the effect of reducing the child support payments which plaintiff receives from the defendant by approximately $69 per week, plaintiff is aggrieved by the CT Page 8116 decision.
Scope of Review
General Statutes 46b-231 (n)(7) provides that the superior court may affirm the decision of a family support magistrate, remand it for further proceedings, or reverse or modify the decision. The superior court may reverse or modify a decision if:
 substantial rights of the appellant have been prejudiced because the decision of the family support magistrate is: (A) in violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion.
See also Perry v. Perry, 222 Conn. 799, 811 n. 8, 611 A.2d 400
(1992).
The state argues that the magistrate impermissibly stepped out of the role of neutral arbitrator when the magistrate recast the motion for payment of visitation travel expenses as a request for a deviation from the Ohio child support guidelines. The state further argues that the Magistrate, by not allowing plaintiff to present evidence concerning visitation travel expenses, violated plaintiff's due process rights of notice and an opportunity to be heard. Finally, the state argues that the Magistrate was without subject matter jurisdiction to entertain and rule on the Motion for Payment of Visitation Travel Expenses since such motion is not an enumerated power of a magistrate. Additionally, the plaintiff argues that once having denied defendant's motion for a downward modification, the Magistrate did not have the power to decrease the support in connection with the Motion for Payment of Visitation Travel Expenses. The plaintiff also claims that the retroactive order reducing child support payments was unsupported by the evidence.
In response, the defendant argues that Ohio substantive law, the applicable law in the case at bar since the dissolution was a foreign judgment entered in Connecticut, allows for a deviation from the child support guidelines for visitation travel expenses. CT Page 8117 The defendant further argues that at the September hearing, plaintiff moved to proceed with defendant's evidence and his two motions rather than having a full hearing, and in doing so, plaintiff rested on her evidence and was not entitled to present further evidence in support of her case.
Denial of the Motions for Upward and Downward Modifications
After hearing evidence from the defendant, who was not present when the motion for upward modification was initially granted, the Magistrate found that the evidence which plaintiff had submitted at the June 29, 1992 hearing was based upon a series of assumptions, and, therefore, decided that plaintiff had not met her burden of proof for an upward modification. (November transcript, p. 58). The plaintiff claims that since the Magistrate had already granted her request for an upward modification on June 29, the Magistrate could not reverse that decision by denying such motion at the November hearing.
Pursuant to General Statutes 46b-231 (n)(7), when a decision of family support magistrate is appealed, the superior court may affirm, reverse, or modify the order, or it may remand the case to a magistrate for further proceedings. When defendant appealed from the Magistrates's decision, the court, Coppeto, J., remanded the case to the Magistrate to allow defendant to present additional evidence concerning the motion for upward modification as well as to allow the Magistrate to hear defendant's motions for downward modification and for payment of visitation travel expenses. Based on the additional evidence submitted, the Magistrate could properly deny the motion for upward modification after initially granting it. Judge Coppeto's order, dated July 31, 1991, provided that the case would be remanded for a hearing and that "[i]n the interim, orders that were issued by the magistrate shall remain." (Emphasis added) Therefore, the initial rulings on the three motions were subject to change. Accordingly, the motions for upward and downward modifications are sustained.
Motion for Payment of Visitation Travel Expenses
The defendant's motion for payment of visitation travel expenses requested that "the plaintiff be required to provide or pay for the transportation costs of the visitation between the minor children and the defendant, including some allowance for the amount already incurred . . . since the distance was caused by voluntary action on the part of the plaintiff." At the November CT Page 8118 hearing, the Magistrate heard this motion and decided that since defendant was a pro se party, the motion would be liberally construed as a request for a deviation from the Ohio[2] Guidelines. (November Transcript, p. 82) It is "`established policy to allow great latitude to a litigant who, either by choice or necessity, represents himself in legal proceedings, so far as such latitude is consistent with the just right of any adverse party.'" Cersosimo v. Cersosimo, 188 Conn. 385, 393, 449 A.2d 1026 (1982), quoting Bitonti v. Tucker, 162 Conn. 626, 627, 295 A.2d 545, cert. denied,409 U.S. 851, 93 S.Ct. 62, 34 L.Ed.2d 94 (1972); see also O'Connor v. Soloman, 103 Conn. 744, 745, 131 A. 736 (1926). The state objected to such consideration, arguing that although plaintiff had no objection to the court considering the formulation of an order requiring the parties to share visitation expenses, such order should be tied directly to actual costs of such expenses and contingent upon the defendant's providing receipts. (November Transcript, p. 82)
General Statutes 46b-86 (a), provides that:
 [u]nless and to the extent that [a] decree precludes modification, any final order for the periodic payment of permanent alimony or support . . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a . . . .
Under both the Ohio and Connecticut support guidelines, one of the factors warranting a deviation is travel expenses for visitation. General Statutes 46b-231 (m)(2) provides that a family support magistrate "shall hear and determine all motions for modifications of child and spousal support" in IV-D cases.[3]
Pursuant to 46b-86 and 46b-321 (m)(2), the magistrate had the power to modify child support by deviating from the child support guidelines, as such deviation is permitted for significant visitation travel expenses under both Ohio and Connecticut law. Thus, the Magistrate's action in treating the Motion for Payment of Visitation Travel Expenses as a request for a deviation from the Ohio guidelines did not exceed the statutory authority of the family support magistrate, or amount to an abuse of discretion. CT Page 8119
However, when the Magistrate used her discretion to construe the defendant's motion for Payment of Visitation Travel Expenses as a request for a deviation from the Ohio guidelines, plaintiff should have been permitted to offer evidence to oppose such a deviation when she requested to do so. The transcripts indicate that plaintiff rested on her evidence concerning her motion for upward modification, and the attorney general cross examined the defendant on that motion at the September and November hearings. (September Transcript, p. 5; November Transcript, pp. 3-37) The transcripts also indicates that plaintiff was not aware of the fact that defendant's Motion for Payment of Visitation Travel Expenses would be construed as a request for a deviation from the Ohio guidelines, and upon learning this, she requested the opportunity to present evidence to oppose such a deviation. (November Transcript, pp. 62. 84, 95) The attorney general also objected, claiming that insufficient evidence was offered as to the actual cost of the travel expenses that the defendant incurred. (November Transcript, p. 93)
"`It is a fundamental tenet of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article First, 10, of the Connecticut Constitution that persons whose property rights will be affected by a court's decision are entitled to be heard at a meaningful time and in a meaningful manner . . . .' (Citations omitted; internal quotation marks omitted.)" Castro v. Castro, 31 Conn. App. 761,770, 627 A.2d 452 (1993), quoting Bartley v. Bartley, 27 Conn. App. 195,197, 604 A.2d 1343 (1992). Where a party is "not afforded an opportunity to subject the factual determinations underlying the trial court's decision on the motion to `the crucible of meaningful adversarial testing' . . . the order cannot be sustained. Bartley v. Bartley, supra.
In the instant case, the only evidence presented in support of the request to deviate from the Ohio guidelines is defendant's testimony and some samples of plane tickets which defendant provided. (November Transcript, pp. 54, 59, 80) The Magistrate entered the order despite plaintiff's claim that the defendant drove the children a number of times and despite the Attorney General's argument that the order should be based on the actual cost of visitation travel, proven by receipts.
The transcripts do not indicate that plaintiff was ever able to present evidence to rebut the defendant's testimony at the November hearings, or to offer additional evidence of her own. By CT Page 8120 not permitting plaintiff to present evidence after she became aware of the decision to construe the Motion for Payment of Visitation Travel Expenses as a request for deviation from the guidelines, violated her rights to notice and an opportunity to be heard.
Furthermore, in the present case, the Magistrate made the deviation from the Ohio guidelines retroactive, providing that the order would be effective on April 11, 1991. (November Transcript, p. 94) "General Statutes 46b-86 requires that in order to modify the periodic payment of permanent alimony and support retroactively to the date a motion seeking modification was served on the opposing party, such service must be made pursuant to 52-50 by a sheriff, a deputy sheriff, a constable or other properly statutorily authorized officer." Shedrick v. Shedrick, 32 Conn. App. 147,151 (1993). By limiting retroactivity to the period in which a motion for modification was pending and by prescribing the method of providing notice, the statute preserves an individual's due process rights. Id. "If these due process rights are to be protected, then such notice to the obligor must be in strict accordance with the statutory mandate." Id., 151-52. There is no indication that service of the Motion for Payment of Visitation Travel Expenses was served on the plaintiff pursuant to General Statutes 52-50.
Substantial rights of the appellant have been prejudiced by not allowing her to rebut the defendant's testimony regarding travel expenses or to offer additional evidence of her own, as well as by the decision to make the deviation retroactive. The Plaintiff's due process rights were violated when she was not given an opportunity to be heard. The decision to make the deviation retroactive was "made upon unlawful procedure" since it does not comply with 46b-86. See General Statutes 46b-231 (n)(7).
Accordingly, the decision to deviate from the Ohio guidelines and reduce the weekly child support payments from $277.50 to $208.00 is reversed and remanded to a magistrate for a full hearing on whether the defendant is entitled to the deviation requested in accordance with 46b-86 (c) and 46b-231 (m).
KARAZIN, J.