[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the denial by a family support magistrate of the defendant's motion to modify the amount of child support established at the time of the dissolution of the parties' marriage. That amount is $125 per week, and the defendant claims both a substantial change of circumstances and a substantial deviation from the child support guidelines.
The magistrate's decision as to the claim of substantial change of circumstances is not clearly erroneous, in light of the evidence presented, and is affirmed.
It appears that the current support order deviates from the guidelines and did so at the time of the dissolution. The guidelines figure then was $98; given the defendant's earning capacity, as opposed to his current earnings, the court finds that to be the figure called for by the guidelines now.
The parties acknowledged the deviation in their dissolution agreement and justified it on the ground that the plaintiff was waiving any claim to alimony. The court accepted their written agreement and incorporated its terms into the judgment. The defendant claims the court failed to find that application of the guidelines would be inequitable or inappropriate but provides no transcript of the dissolution proceedings to substantiate his claim. In any event, he claims, deviation on the ground the parties claimed is not permitted under the deviation criteria contained in the guidelines regulations.
The Appellate Court's decision in Castro v. Castro,31 Conn. App. 761 (1993), however, disposes of the defendant's claim. There the dissolution court made no findings concerning the deviation from the guidelines, Id., 765 n. 3, but the modification court upheld the support order upon a challenge that it improperly deviated from the guidelines. The modification court CT Page 1814 found that the deviation was justified by the wife's waiver of alimony and further found that the deviation was in the best interest of the minor child. Id., 766. The Appellate Court affirmed.
Both those considerations are reflected in the current guideline regulations. See Sec. 46b-215a-3 (b)(5)and(6)(E). This court finds that it would be inequitable and inappropriate to apply the guidelines in this case, based on those deviation criteria, and affirms the magistrate's denial of the defendant's motion to modify.
BY THE COURT
SHORTALL, J.