[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ISSUE
The issue presented is whether a judge may request articulation in a case where the magistrate failed to specify on the record the reason for deviating from the child support guidelines.
While a judge may not request articulation, he may reverse the magistrate's decision and remand the case back to the magistrate.
 FACTS
On October 17, 2000, Family Support Magistrate Edward Miller ordered the respondent James E. Eburg to pay $50 per week to the petitioner Cheryl L. Hicks, and $5 per week to the state for a total of $55 per week in child support. At the time of the order, Eburg owed $48,770.82 to Hicks and $6,027.82 to the state in arrearages. Eburg testified at the hearing that he is one hundred percent disabled, his wife is working and bringing in revenue, and that his income from SSI varies from $500 per month depending upon the household income. On November 1, 2000, the respondent appealed the magistrate's order on the ground that "the order entered is clearly in violation of the statute."
 DISCUSSION
"The right to appeal from a family magistrate order to the Superior Court is created by § 46b-231(n)." Sherman v. Sherman,41 Conn. App. 803, 806, 678 A.2d 9 (1996). General Statutes §46b-231(n) provides, in relevant part: "(1) A person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section. (2) Proceedings for such an appeal shall be instituted by filing a petition . . . not later than fourteen days after filing of the final decision . . . or, if a rehearing is requested, not later than fourteen days after filing of the notice of the decision thereon. In a IV-D support case, such petitions shall be accompanied by a certification that copies of the petition have been served upon the IV-D agency . . . and all parties of record." The court finds that the respondent commenced his appeal in a timely fashion and that he also certified that the petitioner and the division of support CT Page 2427 enforcement were served copies of the appeal pursuant to General Statutes §§ 46b-231(n)(1) and (2).
The test for determining whether a party is aggrieved by a particular decision is two-fold: (1) the party claiming to be aggrieved must have a specific, personal, and legal interest in the subject matter of the decision, and (2) the party must show that this personal and legal interest has been specially and injuriously affected by the decision.Newman v. Newman, 235 Conn. 82, 103, 663 A.2d 980 (1995). The court finds that, because the magistrate ordered the respondent to pay more than the child support guidelines suggest without articulating the reason why, the respondent's specific, personal, and legal interest has been specially and injuriously affected. The Superior Court, therefore, has jurisdiction to consider this appeal.
General Statutes § 46b-231(n)(7) provides that "[t]he superior court may affirm the decision of the family support magistrate, or remand the case for further proceedings. The superior court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the decision of the family support magistrate is: (A) [i]n violation of constitutional or statutory provisions. . . ." General Statutes § 46b-215b (a) provides, in relevant part: "The child support and arrearage guidelines . . . shall be considered in all determinations of child support amounts and payment on arrearages . . . .In all such determinations there shall be a rebuttable presumption that the amount of such awards which resulted from the application of such guidelines is the amount of support or payment on any arrearage. . . .A specific finding on the record that the application of the guidelines would be inequitable or inappropriate in a particular case . . . shall be sufficient to rebut the presumption in such case."
The respondent argues that Magistrate Miller did not inquire into whether the order entered was in accordance with the child support guidelines and thereby violated General Statutes § 46b-215b (a). The respondent further argues that Magistrate Miller failed to specify on the record the reason he ordered an upward deviation from the child support guidelines, another violation of General Statutes § 46b-215b (a). The respondent has attached a copy of the transcript in support of his appeal.
The Supreme Court has held that a court must first determine on the record the amount of support indicated by the guidelines schedule before the magistrate may deviate from the guidelines. Favrow v. Vargas,231 Conn. 1, 25, 647 A.2d 731 (1994). This standard applies to a child support arrearage as well. See General Statutes § 46b-215b (a). The magistrate in the present case failed to determine on the record the CT Page 2428 amount of support indicated by the guidelines and failed to articulate on the record the reason for deviating from the child support guidelines. It is proper to reverse and remand a decision deviating from the guidelines when there are no findings of fact on the record to support the deviation. For example, in Mullin v. Mullin, 28 Conn. App. 632, 637,612 A.2d 796 (1992), the court reversed and remanded a trial court decision which deviated from the guidelines without making a finding on the record. In Baker v. Baker, 47 Conn. App. 672, 677, 707 A.2d 300
(1998), the court reversed and remanded a trial court order which "failed to identify properly the deviation criteria justifying its order of child support that was not in accord with the guidelines."
In light of the above, the court reverses the magistrate's decision and remands the case for consideration and articulation of why a departure from the guidelines with respect to the child support arrearage payment is warranted.
BY The Court
Cutsumpas, J.