[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The matter comes to this court pursuant to General Statutes § 46b-71
by the filing of a foreign matrimonial judgment from the state of New York dated February 9, 2000, by way of a Certification (#119) dated April 19, 2001 and filed on April 20, 2001. The has defendant moved (#122) for a suspension of his payments due to his unemployment. The plaintiff has had some difficulty in enforcing the existing orders for child support and other related issues. By stipulation of the parties dated August 13, 2001, the defendant agreed inter alia to pay 30% of his unemployment compensation as child support, and basically deferred consideration of other issues, including attorney fees, to September 17, 2001. Orders were entered by this court on September 17, 2001, regarding a partial payment and discovery. A Motion for Contempt (#128) dated September 25, 2001 was filed but has never been heard. At that time, the issue of plaintiffs attorney's fees was once again deferred. The plaintiff later filed a Motion for Attorneys Fees dated December 3, 2001, together with an affidavit in support thereof.[1] The defendant, who had been unemployed, filed a financial affidavit through his counsel dated December 3, 2001. On that document the defendant calls himself a CT Page 3502 self-employed freelance financial consultant earning a gross income of $750.00 per week and having debts in excess of $78,000. A review of the court file indicates that there has been neither a specific finding of either contempt or default, nor the determination of an arrearage.
In general, an award of attorney fees in a family matter is within the discretion of the court based upon a review of the financial ability of each party. General Statutes § 46b-62. The Connecticut Supreme Court has held that such an award must be based upon a finding by the court that there are ample liquid assets with which to make the payment. Koizimv. Koizim, 181 Conn. 492, 500-01 (1980). Absent an agreement that attorney fees will be paid in the event of a breach, the court must consider the criteria set forth in General Statutes §§ 46b-62 and46b-82. In any case, the court must first determine whether or not a breach has occurred, and if so, then make a determination of the "amount of reasonable attorneys fees to be awarded." Goold v. Goold,11 Conn. App. 268, 288-89 (1987). At such a hearing before the court, a party must have "an opportunity to challenge the reasonableness of the fees" Dobozy v. Dobozy, 241 Conn. 490, 495, 500-01 (1997), as well as "the opportunity to contest his ability to pay such fees." Castro v.Castro, 31 Conn. App. 761, 769-771, 627 A.2d 452 (1993).
The motion for contempt never having been heard, and there being no finding of contempt or of a breach, the consideration of attorneys fees is therefore premature.
 ORDER
The court having reviewed the file and considered the provisions of General Statutes §§ 46b-62, 46b-82, and 46b-87, the plaintiff's Motion for Attorneys Fees is HEREBY DENIED WITHOUT PREJUDICE.
THE COURT
SHAY, J.