******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

NORA LYNNE VALENTINE *v.* JOEL
ROBERT VALENTINE
(AC 35826)

Lavine, Keller and Borden, Js.

*Argued February 7—officially released April 29, 2014*

(Appeal from Superior Court, judicial district of
Middlesex, Gould, J.)

*Joel R. Valentine*, self-represented, the appellant
(defendant).

*Opinion*

BORDEN, J. In this uncontested appeal, the self-represented defendant, Joel Robert Valentine, challenges the financial orders entered incident to the judgment of the trial court dissolving his marriage to the plaintiff, Nora Lynne Valentine. Although the defendant raises several claims in this appeal, we need only address those that we deem dispositive, namely, that the court: (1) violated his right to due process by granting in part the plaintiff's motion for reconsideration and clarification without providing him notice and an opportunity to be heard on the motion and its substance; and (2) improperly issued excessive financial orders.[1] We agree with the defendant and, accordingly, reverse in part the judgment of the trial court.

The trial court entered financial orders for child support, alimony, and property division incident to its judgment dissolving the parties' marriage. The plaintiff later filed a motion for reconsideration and clarification of those orders. The next day, the court granted in part the plaintiff's motion and entered additional financial orders without holding a hearing. The defendant subsequently initiated this appeal challenging both the propriety of the court's financial orders entered incident to the judgment of dissolution, and the court's decision granting in part the plaintiff's motion for reconsideration and clarification. The plaintiff filed notice with this court, pursuant to Practice Book § 67-3, representing that she did not intend to file a brief in the present appeal. We therefore decide this case on the basis of the defendant's brief and oral argument before this court, and the record available to us.

The following facts and procedural history are relevant to our review. The parties were married on July 8, 1990, and subsequently had two children. The parties' relationship became increasingly contentious over the years and in October, 2011, the plaintiff filed this complaint for dissolution of marriage. On May 20, 2013, following a six day trial, the court, *Gould, J.*, issued a memorandum of decision dissolving the parties' marriage and entering financial orders for child support, alimony, and property division.[2]

On June 10, 2013, the plaintiff filed a postjudgment motion for reconsideration and clarification with respect to several of the financial orders set forth in the court's memorandum of decision. The defendant received a copy of this motion on that same date. The next day, June 11, 2013, the court granted in part the plaintiff's motion for reconsideration and clarification and entered several financial orders without holding a hearing. In relevant part, it ordered the parties to share equally in their minor children's educational expenses, specifically ordering them to divide the college expenses of their older son. Additionally, the court

ordered the defendant to provide health insurance coverage to the plaintiff for three years at his sole expense, and further, determined that the defendant was solely responsible for the debt on the parties' three credit cards, totaling $20,783.55. The court also ordered the defendant to pay the other debts listed in his financial affidavit, which totaled $51,200. Finally, the court ordered him to pay the mortgage arrearage at a rate of $200 per week by way of immediate wage execution in the form of alimony and child support.

The defendant thereafter moved the court to clarify the difference between its orders of May 20, 2013, and June 11, 2013, with respect to the $200 weekly payment toward the mortgage arrearage.[3] The court denied the defendant's motion for clarification with respect to this inquiry. This appeal followed. Additional relevant facts will be set forth as necessary.

I

We first set forth the well established standard of review in domestic relations cases. An appellate court "will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts. . . . As has often been explained, the foundation for this standard is that the trial court is in a clearly advantageous position to assess the personal factors significant to a domestic relations case . . . ." (Internal quotation marks omitted.) *Tanzman* v. *Meurer*, 309 Conn. 105, 113, 70 A.3d 13 (2013). "In dissolution proceedings, the court must fashion its financial orders in accordance with the criteria set forth in [General Statutes] § 46b-81 (division of marital property), [General Statutes] § 46b-82 (alimony) and [General Statutes] 46b-84 (child support). All three statutory provisions require consideration of the parties' *amount and sources of income* in determining the appropriate division of property and size of any child support or alimony award." (Emphasis added; internal quotation marks omitted.) *Mensah* v. *Mensah*, 145 Conn. App. 644, 652, 75 A.3d 92 (2013).

We next note that our review of financial orders entered by a trial court in a dissolution matter is governed by the "mosaic doctrine." "Under the mosaic doctrine, financial orders should not be viewed as a collection of single disconnected occurrences, but rather as a seamless collection of interdependent elements. Consistent with that approach, our courts have utilized the mosaic doctrine as a remedial device that allows reviewing courts to remand cases for reconsideration of all financial orders even though the review process might reveal a flaw only in the alimony, property distribution or child support awards." (Internal quotation marks omitted.) *Marshall* v. *Marshall*, 119 Conn. App. 120, 135–36, 988 A.2d 314, cert. granted on other grounds, 296 Conn. 908, 993 A.2d 467 (2010). Accordingly, because we conclude that at least two of

the defendant's claims challenging the court's financial orders have merit, the entire set of them must fall, and a new hearing be held regarding them.

II

The defendant first claims that the court violated his right to due process when it granted in part the plaintiff's motion for reconsideration and clarification without affording him adequate notice and an opportunity to object to the motion and to be heard on its substance. We agree.

It is a fundamental tenet of due process that "no court will proceed to the adjudication of a matter involving conflicting rights and interests, until all persons directly concerned in the event have been actually or constructively notified of the pendency of the proceeding, and given reasonable opportunity to appear and be heard . . . in sufficient time to prepare their positions on the issues involved." (Internal quotation marks omitted.) *Styrcula* v. *Styrcula*, 139 Conn. App. 735, 745, 57 A.3d 822 (2012). When a party moves for reconsideration of the court's financial orders, the court is constitutionally required to provide the nonmoving party with the opportunity "to contest the factual predicate on which the court apparently acted or to overcome those facts with countervailing ones." *Bartley* v. *Bartley*, 27 Conn. App. 195, 197, 604 A.2d 1343 (1992).

Here, the plaintiff filed her motion for reconsideration and clarification on June 10, 2013. The defendant received a copy of the plaintiff's motion either by e-mail or fax on that same date, but he did not receive notice of a hearing on it.[4] The next day, the court granted in part the motion and entered several additional financial orders without holding a hearing or providing any opportunity for oral argument.

In rendering its decision, the court significantly increased the defendant's financial obligations, ordering him (1) to pay for 50 percent of his minor son's college expenses, (2) to provide three years of health insurance coverage to the plaintiff, (3) to pay $200 per week toward the mortgage arrearage by way of immediate wage execution, and (4) to pay more than $70,000 in debts. Given the negligible time frame of less than twenty-four hours between the filing of the motion and entry of the court's orders, the defendant did not have sufficient time to object to the motion or to request a hearing so as to "subject the factual determinations underlying the . . . court's [orders] . . . to the crucible of meaningful adversarial testing . . . ." (Citation omitted; internal quotation marks omitted.) *Bartley* v. *Bartley*, supra, 27 Conn. App. 198.

We conclude that the court failed to provide the defendant with adequate notice and a meaningful opportunity to be heard on the plaintiff's motion for reconsideration and clarification in violation of his con-

stitutional right to due process. Hence, because the court's financial orders dated June 11, 2013, were entered in violation of the defendant's right to due process, they cannot stand. See *Styrcula* v. *Styrcula*, supra, 139 Conn. App. 748.

### III

The defendant next claims that the court abused its discretion by entering financial orders that exceed his weekly income. We agree. The following additional facts are relevant to our resolution of this claim.

Following the six day trial, the court rendered a judgment dissolving the parties' marriage and entering financial orders for child support, alimony, and property division. Prior to setting forth its financial orders, the court enumerated its findings with respect to the economic status of each party. On the basis of their financial affidavits, it determined that the plaintiff had a net weekly income of $927.96, which was comprised of alimony, child support, and payments from rental properties, and that the defendant earned a net weekly income of $957.52 from his employment as a Web content professional. It further found that the parties were co-owners of their marital home located in Woodstock and three apartments located on the premises, which the parties rented to third parties. It determined that the marital home had a value of $330,000 and was encumbered by a mortgage of $330,000. It also determined that "[t]he defendant, who was and is the sole wage earner in the home, has not paid the mortgage on the family home since October, 2011."

On the basis of its findings, the court entered several financial orders on May 20, 2013. First, it ordered the defendant to pay $300 per week in child support and $300 per week in periodic alimony for fourteen years. Second, it ordered him to transfer his rights, title, and interest in the marital home to the plaintiff by way of quitclaim deed, and further ordered that he assume all future mortgage payments, costs, and fees associated with the property. Third, it ordered the defendant to make several other payments to satisfy prior outstanding court orders: "$928 for child support; $16,200 for discovery noncompliance; $10,800 for parenting education noncompliance; $3250 for attorney's fees; $31,992 for mortgage arrearage; and $2400 for outstanding utilities, for total payments due in the amount of $65,570. . . . The child support and attorney's fees shall be paid within [ninety] days of the entry of judgment. The other payments shall be satisfied at the rate of $200 per week by [way] of immediate wage execution. In addition, the defendant shall pay $10,000 toward the plaintiff's trial and trial preparation attorney's fees within 120 days of the entry of judgment."

The court also ordered the defendant to continue to maintain a $500,000 life insurance policy, and to provide

health insurance for the plaintiff. With respect to uninsured medical expenses, it stated that the defendant shall be responsible for 62 percent and the plaintiff for 38 percent of any such costs, pursuant to the child support guidelines. Moreover, the court ordered the parties to divide equally, by way of a Qualified Domestic Relations Order (QDRO), any retirement accounts, 401 (K) plans, and pensions owned by the defendant, and to share equally the costs of the QDRO preparation. It also ordered the parties to share equally in any expenses associated with their minor children's extracurricular activities. Finally, the court ordered that the parties be solely responsible for any payments associated with their respective motor vehicles, and, insofar as it did not conflict with other orders within its decision, ordered the parties to pay their own attorney's fees, costs, and trial expenses.

Contrary to the court's claim that it considered the pertinent statutory provisions, we conclude that the court failed to consider the defendant's ability to comply with its financial orders. After determining that the defendant's net weekly income was $957.52, the court ordered him to make payments in excess of his financial capacity. It imposed a weekly obligation of $600 toward child support and alimony payments, and an additional $200 toward prior court orders until he satisfied the outstanding amount of $61,392. This $800 weekly sum *alone* constituted more than 80 percent of the defendant's net weekly income, and left him with a mere $157.52 to satisfy his weekly living expenses. See *Pellow* v. *Pellow*, 113 Conn. App. 122, 129, 964 A.2d 1252 (2009) (holding that financial orders consuming more than 90 percent of defendant's income were excessive).

In addition to those weekly payments, moreover, the court ordered that the defendant was responsible for $13,250 of the plaintiff's trial attorney's fees and $928 for outstanding child support. What is more, it ordered him to maintain a $500,000 life insurance policy at his sole expense, to cover 62 percent of any uninsured medical expenses for the parties' two minor children, and to cover 50 percent of costs associated with their minor children's extracurricular activities. All of these payments are *in addition to* the court's order requiring the defendant to pay his own attorney's fees, costs, and trial expenses—not to mention his personal living expenses. Moreover, the court did not identify any valuable assets that the defendant could use to comply with its financial orders.

In light of the foregoing, we agree with the defendant's claim that the court's financial orders were excessive, leaving him with little to no income to sustain his basic welfare. See *Greco* v. *Greco*, 275 Conn. 348, 361, 880 A.2d 872 (2005) (support and financial orders that consume defendant's income offend "the long settled principle that the defendant's ability to pay is a material

consideration in formulating financial awards").

We conclude, therefore, that the court abused its discretion in fashioning its financial orders. Accordingly, we remand the case for a new hearing on all financial issues.

The judgment is reversed only with respect to the financial orders and the case is remanded for a new hearing on all financial issues; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] The defendant additionally claims that the court improperly: (1) determined that he was responsible for the mortgage arrearage on the marital home and improperly calculated the amount and form of such payment; (2) assigned the plaintiff's personal debt to him; (3) valued the marital home; (4) violated the stay of appeal in ordering him to pay various fines and fees; and (5) entered duplicitous orders with respect to the mortgage arrearage. In view of our decision on the two dispositive claims, it is not necessary to consider these other claims.

[2] The court's decision did not address issues of custody and visitation because the court, *Adelman*, *J.*, previously had approved an agreement reached by the parties with respect to those matters.

[3] Because the court ordered the defendant to pay mortgage payments at a rate of $200 per week in *both* its decision dated May 20, 2013 decision *and* its June 11, 2013 decision, the defendant requested clarification regarding whether his required weekly payment toward the mortgage arrearage was $200 or $400.

In this appeal, the defendant contends that the court's order issued on June 11, 2013, impermissibly duplicated its prior order issued on May 20, 2013. As previously stated, we need not address this claim given the dispositive nature of the claims discussed in the body of this opinion.

[4] Because the plaintiff failed to defend this appeal, the defendant's contention that he was not provided with adequate notice and an opportunity for a hearing remains uncontroverted. Moreover, the records available to this court on appeal support the defendant's contention that he was denied due process, as they indicate that the court granted in part the plaintiff's motion one day after it was filed, and there is no evidence that the defendant had an opportunity to object to the motion or that a hearing took place as to its substance.