[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO MODIFY AND REIMBURSEDATED MARCH 26, 1995
CT Page 11943
This post-judgment motion by the plaintiff-mother seeks primary residence of a minor child and support for that minor child from the defendant-father in a case where the father was awarded primary residence at the time of judgment. In addition, the mother seeks reimbursement of pre-paid child support.
There is no dispute that primary residence should be changed to the plaintiff-mother from the defendant-father and that is ordered.
The primary issue that the Court must determine is the effect of the defendant's remarriage and the birth of two minor children of that remarriage on his obligations to support as a result of this change in primary residence.
The second issue is the effect of an agreement between the parties that allowed the mother to pre-pay her support obligation. It should be noted that this agreement was never submitted to the Court for its approval.
FACTS
On September 25, 1989, and by agreement, the Court divorced the parties and ordered joint custody of the minor child, Norman J. Stender, date of birth November 27, 1980, with primary residence to the defendant-father. Mother was ordered to pay fifty dollars per week as child support to the father. The marital home at 9 Robin Road, Enfield, was transferred to the father and mother received back a non-interest bearing note in the amount of thirty thousand dollars payable upon the sale of Robin Road, the death of the defendant or minor child, when the child attained eighteen or graduated from high school, or the minor child's failure to occupy the property as a primary residence, but no later than July 1, 1999.
On January 22, 1990, the plaintiff-mother agreed to accept ten thousand dollars in full satisfaction of the mortgage note of thirty thousand dollars and to release the mortgage securing that note. In return, the defendant waived any right to further child support payments. Although not CT Page 11944 approved by the Court, the agreement was implemented by the parties. The defendant subsequently sold the house and purchased another with a new mortgage, and he sought no further support or modification of support.
When this motion was brought to the Court, I asked for certain data which resulted in a stipulation of fact dated September 1, 1995, and attached here to as Appendix A.
In addition, the parties filed certain affidavits which were not contested. The plaintiff's affidavit establishes that she earns net, after guideline deductions, four hundred and twenty-one dollars. Her affidavit establishes that part of her living expenses are paid by her new husband and that is substantiated by the new husband's affidavit.
The defendant's affidavit establishes that he earns net, after guideline deductions, the sum of four hundred and forty-nine dollars. His wife, Pamela, who is currently unemployed, nets three hundred and twenty-three dollars from unemployment. When she was employed last, she earned net six hundred and sixty-seven dollars.
The day care for their two young minor children is reflected as being ninety-five dollars per week.
The parties have stipulated that their one minor child, Norman, moved to his mother's home on October 28, 1994. In addition, the stipulation reflects that if guidelines were followed for the mother from 1989 through 1994 she would have paid double the original amount of fifty dollars support. The parties have stipulated that the present value of the receipt of ten thousand dollars on February 1, 1990, instead of July 1, 1999, is nineteen thousand two hundred ninety-five dollars.
The parties have further stipulated that the present value of the receipt of fifty dollars per week from October 22, 1989, to November 27, 1998, is seventeen thousand three hundred and fifty-two dollars, but that the present value of the receipt of fifty dollars per week from October 22, 1989 to October 28, 1994, is ten thousand nine hundred and sixty three dollars.
SUPPORT
CT Page 11945
The plaintiff, former wife, seeks guidelines support as if the defendant had never remarried or had two additional children. The defendant seeks deviation because of the defendant's obligations to his other two children, but then ignores his current wife's obligation to support these children by using his net income only to determine his obligation to support the children. He then takes that figure from guidelines and divides by three.
The defendant's obligations of support, according to the guidelines, and based upon his net income of four hundred and forty nine dollars and his former wife's net income of four hundred and thirty-one dollars, without deviation for the children born of his second marriage would be one hundred and three dollars.[1]
Using the defendant's analysis the defendant claims that only using his net pay and examining the guideline chart would obligate him to pay one hundred ninety-six dollars for three children. And, therefore, he is obligated under the guidelines to pay sixty-three dollars for one. He argues, in addition, that because of other equitable factors that that amount should be even further reduced to fifty dollars per week.
The Court rejects both approaches. There should be deviation from guidelines for the children of his subsequent union. "Section 46b-215a-3(b)(4)(B) of the guidelines."
Deviation in this context is not being used to decrease an existing order and is fair and equitable. "46b-215a-3(L)."
The Court utilized the following method in arriving at a proper support figure. First, it determined the defendant's obligation to the children of his second marriage by considering his current wife's net income and his net income. His net income is four hundred and forty-nine dollars and his current wife's net income is three hundred and twenty-three dollars. The obligation for their two minor children based upon their total net income is two hundred and seventy-nine dollars. His share of that total obligation is one hundred and sixty-two dollars for the two children. Subtracting his obligations for his two children from his net income of four hundred and forty-nine dollars I determined that his net income for purposes of analyzing his obligation for the minor CT Page 11946 child of his first marriage is two hundred and eighty-seven dollars. The Court then added his new net income of two hundred and eighty-seven dollars together with the plaintiff's net income of four hundred and twenty-one dollars and received a total of seven hundred and eight dollars. The guideline chart support for one child with a combined net income of seven hundred and eight dollars is one hundred and seventy-seven dollars. His share would be forty percent of that amount or seventy dollars. I then looked further for other deviation criteria such as the day care expense of the two small children from the second marriage as well as other criteria contained in 46b-84 of the Connecticut General Statutes and arrived at a support order of sixty dollars.[2]
 REIMBURSEMENT
The plaintiff seeks reimbursement in the amount of nine thousand thirty-seven dollars. She arrived at that figure by subtracting the present value of fifty dollars per week that she did not pay from October 22, 1989, to October 20, 1994, or ten thousand nine hundred and sixty-three dollars from the twenty thousand dollars of the original amount of the mortgage that was not paid.
The Court rejects this claim for reimbursement for one or more of the following reasons.
It ignores the fact that the payment of ten thousand dollars early has a greater value than receiving that amount years later. In this case the parties stipulated that the ten thousand received by the plaintiff on February 1, 1990, instead of July 1, 1999, had a present value of nineteen thousand two hundred and ninety-five.
It also ignores the fact that the defendant did not pursue a modification of support for six years based upon that agreement when he may very well have been entitled to double the support and that he cannot seek the benefit of that now because he did not file a motion for modification.
Equitable estoppel is applicable here, but more important the plaintiff has not established her entitlement to a reimbursement figure.
Support, therefore, is ordered in the amount of sixty CT Page 11947 dollars retroactive to April 26, 1995, as per previous order of the Court. A contingent wage execution is issued to support that, but the Court orders waiver of the requirements that it be paid through Support Enforcement.
APPENDIX A
Docket No. FA89-0360927 : Superior Court
Lynn Stender : J.D. of Hartford/New Britain
v. : At Hartford
Norman Stender : August 16, 1995
STIPULATION AS TO FACTS
The undersigned parties stipulate and agree to the accuracy of the following facts and figures, but each reserves the right to argue as to how or whether the information should be considered.
I. BACKGROUND
 A. Lynn Stender and Norman Stender were divorced on 9/25/89. The judgment provided in part for:
 (i) Joint legal custody of the minor child Norman Stender Jr. with physical custody to the father.
 (ii) Mother to pay support of $50 per week (below guidelines)
 (iii) The marital home at 9 Robbin Road, Enfield, was transferred to the father with a $30,000 MTG (no interest) back to the mother which became due upon sale, death, failure to occupy, or age 18 or graduation from High School (but no later than 7/1/99).
 B. By agreement of the parties, Lynn Stender stopped paying support on 10/22/89.
 C. An agreement was executed by the parties on 1/22/90, a copy of which is attached hereto. A formal CT Page 11948 modification was not filed with the court.
 D. On or about 2/1/90, Lynn Stender received the sum of $10,000.00 and released the mortgage on the Robbin Road property.
 E. Lynn Stender married Mark Preissner in September, 1990. Mark is paying support for 2 sons from a prior marriage.
 F. Norman Stender married Pamela Stender in June 1991. They have 2 children together.
 G. In June 1991, Norman Stender and Pamela Stender purchased their present home located on Sandpiper Road.
 H. The minor child resided with his father until 10/28/94 at which time he moved to his mother's home. He has resided with his mother since that time.
II. YEARLY INCOME OF PARTIES FROM DATE OF DIVORCE
 Lynn W. Preissner Norman J. Stender
 1989 $27,413 $ 1990 25,726 29,259 1991 26,586 31,861 1992 25,476 30,782 1993 26,390 31,900 1994 28,157 28,754 1995 see current financial affidavits
III. PARTIES' AVERAGE WEEKLY WAGE SINCE DATE OF DIVORCE
 Lynn W. Preissner Norman J. Stender
 1989 $527 $522 1990 495 563 1991 511 613 1992 490 592 1993 507 613 1994 541 553 1995 537 657
CT Page 11949
IV. CHILD SUPPORT DUE BY LYNN PREISSNER BASED ON GUIDELINES IN EFFECT AT YEAR END
 1989 $100 ($50/week per judgment) 1990 102 1991 104 1992 112 1993 117 1994 104 (change of residence 10/22/94)
 1995 116/118 (guidelines for Norman to Lynn; $116 if Lynn claims minor child; $118 if Norman claims him)
V. SPOUSES' INCOME:
See attached financial affidavits
VI. PRESENT VALUE CALCULATIONS ("PV" based on 7%/year)
 A. PV of receipt of $10,000 on ± 2/1/90 instead of 7/1/99: $19,295
 B. PV of receipt of $50/week from 10/22/89 to 11/27/98: $17,352
 C. PV of receipt of $50/week from 10/22/89 to 10/28/94: $10,963
Respectfully Submitted,
 Elizabeth J. Locario, Attorney for the Plaintiff
 Andrea M. Melanson, Attorney for the Defendant
NO. FA89-0360927 : SUPERIOR COURT
LYNN W. STENDER : JUDICIAL DISTRICT OF HARTFORD/NEW BRITAIN VS. : AT HARTFORD
NORMAN J. STENDER : JANUARY 22, 1990 CT Page 11950
AGREEMENT AND STIPULATION
The parties in the above entitled matter hereby agree and stipulate as follows:
1. The Defendant shall pay to the Plaintiff forthwith the sum of $10,000.00 as full and final satisfaction of a certain Mortgage Deed and Promissory Note dated September 19, 1989 from the Defendant to the Plaintiff.
2. The Plaintiff, simultaneously therewith, shall provide the Defendant with a Release of said Mortgage and the original Promissory Note marked "Paid in Full".
3. In further consideration of the above provisions, the Defendant waives any further right to child support payments from the Plaintiff.
4. All other matters, rights and obligations appearing in the prior Agreement of the parties dated September 19, 1989 and reflected in the Court's Judgment dated September 25, 1989 shall remain in full force and effect except is otherwise modified herein.
IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals this 22nd day of January, 1990.
Mark E. Preissner Lynn W. Stender, Plaintiff
Norman Fleishman
Linda L. Scavotto Norman J. Stender, Defendant
Frank G. Santy
STATE OF CONNECTICUT: : ss VERNON COUNTY OF TOLLAND :
Personally appeared Lynn W. Stenter, signer and sealer of the foregoing instrument and acknowledged the same to be her free set and deed, before me. CT Page 11951
Notary Public Comm. EX: 3/31/9
STATE OF CONNECTICUT: : ss Enfield 1/22/1990 COUNTY OF HARTFORD :
Personally appeared Norman J. Stender, signer and sealer of the foregoing instrument and acknowledged the same to be her free set and deed, before me.
 Frank G. Santy Commissioner of the Superior Court