[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of Magistrate Ina Forman entered on August 8, 1995. The underlying action is a petition for CT Page 348 support brought by the State against the respondent Louis Cronin, the acknowledged father of the minor child, Kristen Horvath, born November 4, 1985 and issue of the named petitioner Christine Horvath who receives support services from the State.
At the hearing on August 8, 1995 the Magistrate found an arrearage, as of that date, in the amount of twenty eight hundred and twenty eight ($2828.00) dollars. In addition, the Magistrate entered an order that the respondent pay current support in the amount of one hundred and one ($101.00) dollars a week together with payment of twenty ($20.20) dollars and twenty cents a week on the arrearage, both amounts to be paid by immediate wage withholding. The respondent was also ordered to provide medical and dental insurance for the minor child as available to him through his place of employment.
On August 18, 1995 the respondent filed a timely appeal from the decision of the Magistrate.
The respondent acknowledges that the amount of the Magistrate's order is in conformity with the Child Support Guidelines promulgated pursuant to Connecticut General Statutes § 46b-215a. The respondent claims, however, that the Magistrate erred when she determined that she did not have the discretion to enter an order which deviates from the Guideline-indicated amount on the basis that the respondent has additional dependents whom he is obligated to support.
At the hearing before Magistrate Forman counsel for the respondent indicated that the respondent had been voluntarily paying support in the amount of fifty ($50.00) a week on behalf of the minor child Kristen since her birth. Additionally, counsel claimed that based in part on his reliance that this amount was acceptable to the named petitioner, the respondent became married and now he and his wife have two minor children, born July 18, 1995 and January 4, 1993 respectively, whom he supports. Counsel asked the Magistrate to consider the needs of the respondent's two subsequently born children as a deviation factor in determining his support obligation for the minor child Kristen who is the subject of this petition. In her argument to the Magistrate, counsel for the respondent claimed that the Magistrate could deviate from the Guideline-indicated support amount on the basis of either the needs of the respondent's other dependents or other equitable factors. Cf. § 46b-215a-3 (b)(4) and § 46b-215a-3 (b)(6)(F), Child Support Guidelines Deviation Criteria. CT Page 349
In denying the respondent's request the Magistrate opined, "The needs of a parent's other dependents are included as deviation criteria, if they're of prior union or those children of a subsequent union for whom there's no support order, so long as it's a defense against an increase but never to use it as a decrease against an order, so that no eldest child would ever be penalized for somebody else having — going out and started another family."Transcript, p. 7. Additionally, the Magistrate opined, "Nor would I feel comfortable having that as an equitable factor for what can't be included in Four should not be included in SubF. Those are the reasons I will go by the guideline criteria of a hundred and one dollars as current support for the one minor child; twenty dollars twenty cents a week to the State and its arrearage — . . . Two thousand, eight hundred and twenty-eight dollars as of August 8th, subject to adjustment and credits for any amounts the State would like to credit the defendant for payments made to the petitioner."Transcript, pp. 7-8. In response to a question from counsel as to the impact of this order on the respondent's net spendable income, the Magistrate commented," Yes and I feel that the guidelines are written in such a way that it makes it necessary to do that . . . I don't think that the balance is always fair but it is what the guidelines dictate, and so, I'm following those and if there is a problem, I would say that that may be the source that needs to be addressed. . ." Transcript, p. 9.
Connecticut General Statutes § 46b-215b provides, in pertinent part, that, ". . .In all such determinations there shall be a rebuttable presumption that the amount of such awards which resulted from the application of such guidelines is the amount of support or payment on any arrearage or past due support to be ordered. A specific finding on the record that the application of the guidelines would be inequitable or inappropriate in a particular case, as determined under criteria established by commission under § 46b-215a, shall be sufficient to rebut the presumption in such case." Thus, while Child Support Guidelines were initially viewed as guidance and not the setting of parameters for judicial decision making, they have in their most recent iteration taken on a more enveloping and confining influence. In short, the Guidelines must be followed unless the court finds them inappropriate by reference to one or more of specified deviation criteria, and the court must articulate the basis of any deviation.;Castro v. Castro, 31 Conn. App. 761 (1993). In this case the Magistrate determined that no deviation criteria fit the facts presented. The Court disagrees. CT Page 350
At the outset, the Court agrees with the Magistrate's reasoning that if deviation from the guidelines in this case is proscribed by the language of § 46b-215a-3 (b)(4), needs of a parent's other dependents, then utilization of the general deviation criteria of, "(F) Other equitable factors" would be inappropriate. cf. Favrow v. Vargas, 222 Conn. 699 (1992), Felicianov. Feliciano, 37 Conn. App. 856 (1993).
The deviation factor relating to the needs of a parent's other dependents states, in part, that ". . . it may be appropriate to deviate from the guidelines amount to permit the parent to assist; in meeting the following needs. . . (B) those of children of subsequent unions for whom there is no support order, provided such needs may be used as a possible defense against an increase in the support order, but not as a reason for decreasing such order." C.G.S. § 46b-215-3 (b)(4)(B). In this case, the respondent claims that he has two children of a subsequent union for whom there is no support order. Additionally, he is not attempting to utilize the needs of his subsequent children to decrease an existing order since this is a petition to establish an order. The respondent does claim, however, that he has been paying the sum of fifty ($50.00) dollars a week pursuant to an agreement with the named petitioner and he seeks to interpose this agreement as well as his detrimental reliance on it as an equitable bar against an increase in his support obligation. It is noteworthy that the language of C.G.S. § 46b-215a-3 (b)(4)(B) does not state that the needs of subsequent children may only be used as a possible defense against an increase in the support order. It is a fair reading of this section that the regulation does not contemplate a factual situation where a party seeks to establish a child support order against a respondent who has other dependents, but does contemplate the application of the guideline amounts where an order already exists and one party is seeking to either increase or decrease the amount of the order. Since the facts of this case are not encompassed in this deviation criteria, the Magistrate is not legally precluded from considering the facts of this situation and from making a determination as to whether the respondent's claims, if proven, would warrant a deviation from the guidelines based upon other equitable factors.
For the reasons stated, the appeal is sustained, the judgment of the Magistrate is set aside as to the determination of the weekly support order, and the matter is remanded to the Magistrate for an evidentiary hearing on the merits of the parties' claims concerning the amount of child support to be paid by the respondent CT Page 351 to the State.
Bishop, J.