[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned matter comes to this Court by way of appeal from a ruling of the Family Support Magistrate (the "Magistrate"), wherein the Magistrate, in entering an initial order of child support for the parties' minor child, concluded that he could not deviate from the child support guidelines on the basis of the noncustodial parent's obligation to provide for the needs of a subsequent child. The noncustodial parent ("Mr. Charette") appealed from the Magistrate's ruling. The Court sustains the appeal and remands the matter to the Magistrate for further proceedings in accordance herewith.
The following facts are relevant to the Court's disposition of this matter. On or about March 6, 1985, Donna Lynn Fear gave birth to Michael, the minor child for whose benefit the present support proceedings were instituted. During CT Page 1390 her pregnancy, Ms. Fear advised Mr. Charette that there was a possibility that he was the father, however there was no further discussion of the issue. Ms. Fear subsequently (and inaccurately) identified two other men as the putative father of the child. In the years that followed, Ms. Fear and Mr. Charette led separate lives. Mr. Charette married in 1988. In 1994, he and his wife had a daughter who was subsequently diagnosed with cystic fibrosis. Although many of her medical expenses are reimbursed through health insurance, the unreimbursed expenses for her care are not insignificant. Less than a year following his daughter's birth, and more than ten years following Michael's birth, the above-referenced paternity proceedings involving Michael were commenced and the possibility of Mr. Charette's paternity resurfaced. Following genetic testing, Mr. Charette admitted paternity of the minor child who is the subject of these support proceedings.
At the proceedings conducted before the Magistrate, Mr. Charette sought a deviation from the child support guidelines by reason of his obligation for his daughter's support. Specifically, the deviation criteria relied upon are those prescribed in Connecticut General Statutes § 46b-215a-3 (b)(4)(B) (deviation where obligor has children of a subsequent union for whom there is no support order) or, alternatively, § 46b-215a-3 (b)(6)(F) (deviation attributable to other equitable factors). The Magistrate, although sympathetic to Mr. Charette's contentions, denied the requested deviation because he felt bound by the unreported decision of the Superior Court in another matter, Pease v. VanWechel, overturning his granting of a deviation in similar circumstances. The Magistrate interpretedPease as permitting the consideration of the support obligation for a subsequent child only as a defense in modification proceedings to increase a support order for the prior child. The Magistrate also denied a deviation under § 46b-215a-3 (b)(6)(F) (other equitable factors) on the basis of Favrow v.Vargas, 222 Conn. 699, 610 A.2d 1267 (1992), wherein f our Supreme Court concluded that resort could not be had to "other equitable factors" to alter the treatment of matters addressed elsewhere in the guidelines. In other words, the perceived limitations on consideration of the needs of subsequent children under § 46b-215a-3 (b)(4)(B) could not be circumvented by presenting the same considerations as "other equitable factors" under § 46b-215a-3 (b)(6)(F). Having so found, the Magistrate entered an order that Mr. Charette pay child support in the amount of $114.00 per week in accordance with the guidelines and CT Page 1391 used said guidelines amount to establish arrearages in favor of the State and Ms. Fear (said arrearages to be paid at the rate of $6.00 per week). This appeal ensued.
It is axiomatic that the child support guidelines are to be followed absent the applicability of any of the specified deviation criteria enumerated in § 46b-215a-3. The Court finds that two of the deviation criteria apply in this matter.
First, under the facts of this case, the presence of a subsequent child furnishes a basis for deviation under § 46b-215a-3(b)(4)(B). That provision provides, in relevant part, that the court may deviate from the guidelines to meet the needs "of children of subsequent unions for whom there is no support order, provided such needs may be used as a possible defense against an increase in the support order, but not as a reason for decreasing such order." Recent Superior Court decisions have interpreted the limiting language of the foregoing provision to be applicable only to proceedings involving existing support orders, and have permitted consideration of the needs of subsequent children in those cases involving the establishment of an initial support order. See Horvath v. Cronin, 15 Conn. L. Rptr. 601 (1/2/96, Bishop, J.); Stender v. Stender, 15 Conn. L. Rptr. 317 (10/17/95, Barall, J.). The proceedings before the Magistrate involved the establishment of an initial support order. The Court finds these decisions, rendered subsequent to Pease, persuasive and concludes, therefore, that a deviation is appropriate in these proceedings under § 46b-215a-3 (b)(4)(B).
Even if a deviation were not permissible under § 46b-215a-3 (b)(4)(B), the Court would, and hereby does, find that a deviation is nevertheless permissible under § 46b-215a-3 (b)(6)(F) (other equitable factors). Specifically, the Court finds that, under the circumstances of this case, a delay of more than ten years in identifying Mr. Charette as the father of the minor child, when coupled with the needs of a subsequent child, constitutes an equitable factor permitting a deviation from the guidelines. One of the principal arguments against consideration of the needs of subsequent children in support proceedings involving prior children is the policy view that a parent not have additional children until he or she has demonstrated an ability and intention to support his or her children from a prior relationship. Without addressing the merits of this argument, it assumes that the parent who has subsequent children has done so with knowledge of his responsibilities for a prior child. The CT Page 1392 facts here do not present such a case. During her pregnancy, Ms. Fear advised Mr. Charette that it was possible he was the father of her unborn child. Until the commencement of paternity proceedings more than ten years later, Mr. Charette had no reason to believe that he was the child's father. Indeed, Ms. Fear's indication, at different times, that one of two other men was the father would give Mr. Charette ample reason to believe that he was not. Under these circumstances, Mr. Charette moved on with his life in a reasonable and responsible fashion, choosing to marry and have a family. To be sure, Mr. Charette, by reason of his paternity of the minor child who is the subject of these proceedings, bears financial responsibility for Michael's support. It would be inequitable, however, to assess Mr. Charette's responsibility for the support of that child without reference to his obligations to his wife and subsequent child where those subsequent obligations were undertaken at a time when he had no reason to believe that he had a support obligation for any other child. In short, Mr. Charette's subsequent family, and particularly his subsequent child, should not be punished where the life choices which he made, in marrying and having a family, were reasonable and responsible in all respects. Under the circumstances outlined above, deviation from the child support guidelines is permissible within the meaning of § 46b-215a-3 (b)(6)(F).
It is noted that Mr. Charette and the State of Connecticut submitted an agreement to the Court as a disposition of the pending appeal.[1] That agreement provides for a support order in the amount of $65.00 per week (in lieu of the $114.00 ordered by the Magistrate) with an additional $6.00 per week to be paid toward the arrearage (as ordered by the Magistrate). Although the Court could approve that agreement and enter orders in accordance with its terms, it would appear that a remand to the Magistrate will be necessary because this Court's decision may affect the amount of the arrearage previously found by the Magistrate. Accordingly, the appeal is sustained, the decision of the Magistrate is reversed and the matter is remanded for further proceedings consistent herewith.[2]
Solomon, J.