SUSAN ROBERTS *v.* JOSEPH ROBERTS
(11839)

DUPONT, C. J., DALY and FREEDMAN, Js.

Argued June 10—decision released August 10, 1993

*Allan M. Cane,* for the appellant (defendant).

*Sheldon A. Rosenbaum,* with whom was *Ronald E. Kowalski II,* for the appellee (plaintiff).

DUPONT, C. J. The defendant appeals in a dissolution action from the trial court's postjudgment order

that real estate be sold by auction. The court issued the order in response to the plaintiff's motion for an order to effectuate the sale of the jointly owned marital residence that had been ordered sold in the judgment of dissolution. The defendant claims that the trial court had no jurisdiction to entertain the plaintiff's motion for order, and exceeded the limits of its equitable powers. The defendant also asserts that the court should not have ordered the sale of the marital residence without first holding an evidentiary hearing on the plaintiff's motion. We conclude that the court had jurisdiction to act on the motion, and was not prohibited from exercising its equitable powers to order a sale by auction, but first should have held an evidentiary hearing in order to ascertain whether such a remedy was warranted by the facts.

The marriage of the parties was dissolved on June 7, 1991. The parties had entered into a written stipulation that was incorporated into the judgment of dissolution of marriage and provided, inter alia, for the disposition of the marital residence by sale and for the proceeds to be split evenly between the parties.[1] The judgment also required the defendant to pay alimony to the plaintiff and allocated between the parties the personal property in the marital residence. On September 11, 1992, the plaintiff filed a motion for contempt against the defendant for failure to provide certain personal property to her pursuant to the dissolution decree, and also filed a motion for order seeking to expedite

[1] The first numbered order listed in the dissolution judgment provided: "The house jointly owned by the parties located at 27A Juggernaut Road, Prospect, Connecticut, shall be placed on the market for sale and after the usual costs of closing, the payment of the first mortgage, and the payment of the plaintiff's mother, Frances Kautz, of the sum of Fifteen Thousand ($15,000) Dollars, the proceeds then remaining shall be split equally between the parties."

the sale of the former marital residence.[2] This motion stated that the defendant, who continued to live in the marital residence after the parties were divorced, had refused to reduce the listing price of the property in accordance with current market conditions. The plaintiff contended that the defendant's refusal to lower the price had resulted in the property's remaining unsold, thus depriving the plaintiff of her share of the proceeds from the sale of the property. The plaintiff also claimed in her motion that the defendant had been receiving rents from the property without her knowledge or agreement, that the defendant had refused reasonable access to the property to the plaintiff and the parties' realtor, and that the defendant was not maintaining the premises in a manner suitable for showing the property to potential buyers.

The plaintiff sought an order that the listing price be reduced, and further reduced every thirty days until sold, that any offer within five percent of the listing price be accepted, that a new listing agreement be signed, that a lockbox be placed on the premises, that the defendant account to the plaintiff for rents, and that the plaintiff be granted access to the premises to inspect and clean it. A stipulation of the parties dated October 13, 1992, resolved most of these issues, but the parties were unable to agree to terms involving a reduction of the listing price. After hearing the oral arguments of the attorneys on the motion for order, but without taking any evidence on the factual allegations made in the motion, the court ordered the sale of the real estate by auction and appointed a committee to conduct this auction. The defendant appeals the issuance of that order to this court.[3]

---

[2] The motion for contempt was resolved by a stipulated agreement dated October 13, 1992, and approved by the court. The agreement also resolved some of the issues raised in the motion for order.

[3] A motion by the plaintiff to dismiss the defendant's appeal on the ground that the trial court's order for sale by auction was not an appealable final judgment was denied by this court on December 16, 1992.

## I

The defendant's first claim is that the trial court did not have jurisdiction to entertain the plaintiff's motion for order because it requested a modification of the property settlement stipulated to by the parties and incorporated into the judgment of dissolution. The defendant cites § 46b-86 (a) of the General Statutes,[4] which provides for the modification of final orders or judgments for the payment of periodic alimony and support, but specifically excludes modification of property assignments made under § 46b-81 of the General Statutes. The defendant argues that since the plaintiff's motion for order did not involve custody, or the payment of periodic support or periodic alimony, the trial court did not have continuing jurisdiction to entertain that motion. Although the defendant is correct in claiming that an assignment of the estate of one party to the other in the judgment of dissolution is thereafter nonmodifiable, we disagree with his characterization of the plaintiff's motion as one for modification. We conclude that the court had jurisdiction to order a sale by auction.

Section 46b-81 (a) provides in relevant part: "At the time of entering a decree annulling or dissolving a marriage . . . the superior court may assign to either the husband or wife all or any part of the estate of the other. The court may pass title to real property to either party or to a third person or may order the sale of such real property, without any act by either the husband

---

[4] General Statutes § 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of substantial change in the circumstances of either party . . . . This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law. . . ."

or the wife, when in the judgment of the court it is the proper mode to carry the decree into effect." It is apparent from the plain language of § 46b-81 (a) that a court has the power in granting a dissolution of marriage to order the sale of the marital residence because that power is expressly acknowledged by the words "may order the sale of such real property" within that subsection.

Connecticut courts have repeatedly recognized both explicitly and implicitly that an order for the sale of property in a dissolution judgment is a nonmodifiable assignment. *Lucisano* v. *Lucisano,* 200 Conn. 202, 206 n.4, 510 A.2d 186 (1986); *McPhee* v. *McPhee,* 186 Conn. 167, 173–74, 440 A.2d 274 (1982); *Bunche* v. *Bunche,* 180 Conn. 285, 289, 429 A.2d 874 (1980); *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 583–84, 362 A.2d 835 (1975); *Schott* v. *Schott,* 18 Conn. App. 333, 335, 557 A.2d 936 (1989); *Niles* v. *Niles,* 9 Conn. App. 240, 244–45, 518 A.2d 932 (1986); *Croke* v. *Croke,* 4 Conn. App. 663, 664–65, 496 A.2d 235 (1985).

The defendant also argues that the parties here incorporated their stipulated agreement into the judgment of marital dissolution, and, as such, the agreement is a court approved contract intended to place the matters covered by it beyond further controversy. *Gillis* v. *Gillis,* 214 Conn. 336, 339–40, 572 A.2d 323 (1990). The defendant claims that the court's original judgment of sale cannot be altered without the consent of both parties absent the presence of fraud or mistake. Id. There is no dispute in this case that the stipulation in the judgment of dissolution stated that the marital residence "shall be placed on the market for sale," that certain debts shall be paid, and that the remaining proceeds "shall be split equally between the parties." There is also no dispute that at the time the order for sale by auction was issued, the property had not been sold and thus neither the creditors nor the parties had

received any of the expected proceeds allocated in the stipulated judgment. The issue here, however, is not whether the original order for sale is a binding non-modifiable agreement, but whether the court modified the agreement or simply effectuated its prior judgment by ordering a sale by auction.

This issue is, first and foremost, a question of subject matter jurisdiction, which is "the power of the court to hear and determine cases of the general class to which the proceedings in question belong." *Demar* v. *Open Space & Conservation Commission,* 211 Conn. 416, 424, 559 A.2d 1103 (1989). "Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." *Killingly* v. *Connecticut Siting Council,* 220 Conn. 516, 522, 600 A.2d 752 (1991), quoting *Demar* v. *Open Space & Conservation Commission,* supra, 425; see also *Cross* v. *Hudon,* 27 Conn. App. 729, 732, 609 A.2d 1021 (1992). Thus, if the plaintiff's motion for order can fairly be construed as seeking an effectuation of the judgment rather than a modification of the terms of the property settlement, this court must favor that interpretation.

The defendant relies on *Bunche* v. *Bunche,* supra, to support his position that the court had no jurisdiction to issue its order. In *Bunche,* a stipulated divorce decree provided that the plaintiff wife should have the option to purchase her husband's interest in their jointly owned house by paying him 40 percent of the fair market value of the house less the outstanding mortgage balance. The wife filed a "motion to modify" the judgment to provide for payment of a specific purchase price in two explicit installments as to date and amount. The motion was denied, and the plaintiff appealed. The Supreme Court held that the trial court was correct in concluding that the plaintiff was attempting to modify an assignment of property and that the trial

court was without power to do so. The granting of the option to the plaintiff to buy the property "in effect assigned to the plaintiff at least 10 percent of the defendant's interest in that property and was clearly ordered under the authority of § 46b-81." Id., 289.

The differences between the present case and *Bunche* support our conclusion that the plaintiff's motion here did not seek modification of the stipulated judgment. In *Bunche,* the plaintiff had filed a "motion to modify the judgment" requesting the trial court to declare that the purchase price of the defendant's interest be paid in two installments: $16,758.75 within thirty days, and $16,758.75 five years later, or sooner if the property was sold. Id., 286–87. If granted, the motion would have substantially modified the terms of the property assignment by adding a specific purchase price and times for payment to the stipulated judgment.

In contrast, the plaintiff's motion in the present case does not seek to modify or add to the terms of the stipulated judgment itself. The parties still would split the proceeds of the sale equally after paying off the first mortgage and the plaintiff's mother; no particular price or term of payment is demanded by the movant. The motion seeks only to effectuate the judgment by asking the court to determine how the property will be sold in a situation where, at the time the motion was filed, the marital residence had been on the market for over fifteen months. We have recognized that it is within the equitable powers of the trial court "to fashion whatever orders [are] required to protect the integrity of [its original] judgment." *Commissioner of Health Services* v. *Youth Challenge of Greater Hartford, Inc.,* 219 Conn. 657, 670, 594 A.2d 958 (1991), quoting *Connecticut Pharmaceutical Assn., Inc.* v. *Milano,* 191 Conn. 555, 563–64, 468 A.2d 1230 (1983); see also *Niles* v. *Niles,* supra, 246.

The plaintiff here claimed in her motion that the defendant was impeding the agreed upon sale of the premises. If the court could not in the exercise of its equitable powers ensure that a sale would take place expeditiously, it would be unable to safeguard the integrity of its original judgment. *Niles* v. *Niles,* supra, 245–46. Here, the court's order for sale of the marital property by auction does not interfere with the terms of the stipulated judgment in any way. Both parties continue to be entitled to 50 percent of the proceeds of the sale remaining after the enumerated debts are satisfied.

We therefore conclude that the plaintiff's motion for order was properly entertained by the trial court, as it sought only an effectuation of the judgment rather than a modification of it. We also conclude that the trial court had jurisdiction to enter its subsequent order for sale of the real estate by auction, since that order did not operate to modify or to alter the terms of the stipulated judgment.

The defendant also argues that the trial court exceeded the limitations of its equitable powers by issuing the order for sale by auction in response to the plaintiff's motion for order because of the failure of the plaintiff to request general equitable relief in the motion for order. He also relies on the fact that in the stipulated judgment the defendant bargained for a sale in the open market rather than a "distress sale by auction," and claims that an order for sale by auction is therefore inequitable, presumably because the defendant will receive less money for the property.

In her motion, the plaintiff requested various relief relating to the expeditious sale of the real estate, including a reduction of the price every thirty days. Although the precise relief of sale by auction was not requested, the relief sought was of the same general type and was

sufficient to apprise the defendant of the purpose of the motion and of the kind of relief that might be ordered by the court.[5]

A sale "in the open market" includes a sale by auction, and the accomplishment of a sale by the latter means is not an impermissible modification of the original judgment. An auction is a public sale in which property is sold to that member of the public who makes the highest bid. A sale in the open market is also a public sale, which may be accomplished by auction or by listing the property with a real estate agent for individual showing to prospective buyers who are members of the general public. An auction will not necessarily produce a lesser sum than a sale through a real estate listing. Here, the plaintiff alleges that the defendant is not acting in a way designed to promote a sale at the highest price. If that is so, and if the asset is depreciating, a prompt sale by auction may produce more money than would be produced by the further listing of the property.

We conclude that the trial court did not modify the parties' agreement or the original judgment by ordering a sale by auction. An auction could be an appropriate method to preserve the integrity of the original judgment and, as such, would be permissible.

II

The final argument of the defendant is that the trial court should not have ordered the sale of the marital residence by auction without holding an evidentiary

[5] The defendant admits in his brief that because the plaintiff's motion for order "requested a reduction in the price every thirty (30) days until sold, and the court ordered an auction of the property by a committee, the distinction between them is at most deminimus." If that is indeed so, it is hard to see how the plaintiff's failure to request general equitable relief in the motion for order could possibly render the order for sale by auction outside the parameters of the trial court's judicial authority.

hearing on the plaintiff's motion for order. We agree with the defendant that the lack of evidence supporting the trial court's order requires us to find that the order must be reversed.

During oral argument of the motion for order, the attorney for the defendant limited the scope of his objections to the exercise of continuing jurisdiction by the court, which the defendant's attorney characterized as impermissibly seeking modification of the stipulated judgment. The plaintiff's attorney offered to produce witnesses to testify that a reduction of the price was necessary in order to carry out the judgment. The trial court determined, without evidence of its necessity, to generate proceeds of a sale by appointing a committee to have a sale by auction. The plaintiff's attorney did not object to the order for auction, and, once the court stated its intent to issue an order for sale by auction, neither party suggested that evidence be introduced before the order was entered.

Although the defendant failed to request an evidentiary hearing at the oral argument on the motion, the trial court was nonetheless required to hold a hearing. Otherwise, the court's order for a sale by auction could not be based on findings of fact. Specifically, the trial court had to garner evidence in this contested matter in order to determine the best way to effectuate the original judgment.

Where the legal conclusions of a trial court are challenged, this court "must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision." *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980); see also Practice Book § 4061. "On appeal, our function is to determine whether the trial court's conclusion was legally correct and factually supported." *In re Michael M.,* 29 Conn.

App. 112, 121, 614 A.2d 832 (1992). Here, the oral statements of the attorneys at the hearing on the motion and the record itself were the only foundation for the issuance of the order for auction by committee. There was no evidentiary hearing on the plaintiff's motion for order. Even taking into account the deference due the trier of fact; *Doyle* v. *Kulesza,* 197 Conn. 101, 105, 495 A.2d 1074 (1985); the statements of the attorneys were not evidence and were insufficient for the trial court to rely upon in issuing the order for sale by auction.

"It is a fundamental premise of due process that a court cannot adjudicate a matter until the persons directly concerned have been notified of its pendency and have been given a reasonable opportunity to be heard in sufficient time to prepare their positions on the issues involved." *Costello* v. *Costello,* 186 Conn. 773, 776–77, 443 A.2d 1282 (1982) (informal meeting by trial court in chambers with counsel before issuing order to modify dissolution agreement was insufficient to meet due process requirements). "Generally, when the exercise of the court's discretion depends on issues of fact which are disputed, ' "due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." ' *Lampasona* v. *Jacobs,* 7 Conn. App. 639, 642–43, 509 A.2d 1075 (1986), quoting *Standard Tallow Corporation* v. *Jowdy,* 190 Conn. 48, 56, 459 A.2d 503 (1983)." *Nelson* v. *Nelson,* 13 Conn. App. 355, 367, 536 A.2d 985 (1988); see also *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.,* 168 Conn. 371, 376–77, 362 A.2d 778, vacated, 423 U.S. 809, 96 S. Ct. 20, 46 L. Ed. 2d 29 (1975), on remand, 170 Conn. 155, 365 A.2d 393, cert. denied, 429 U.S. 889, 97 S. Ct. 246, 50 L. Ed. 2d 172 (1976); *Castro* v. *Castro,* 31 Conn. App. 761, 769, 627 A.2d 452 (1993); *Bartley* v. *Bartley,* 27 Conn. App. 195, 197–98, 604 A.2d 1343

(1992); *Duve* v. *Duve,* 25 Conn. App. 262, 269, 594 A.2d 473, cert. denied, 220 Conn. 911, 597 A.2d 332 (1991), cert. denied,    U.S.    , 112 S. Ct. 1224, 117 L. Ed. 2d 460 (1992). Where, as in this case, there were no findings of fact made to support the issuance of an order for sale by auction because no evidentiary hearing was held, due process requires that the parties be given an opportunity to present evidence relevant to the necessity of such an order.

The judgment is reversed and the case is remanded for an evidentiary hearing to determine the best means to effectuate the sale of the real estate.

In this opinion the other judges concurred.