[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, 53, whose birth name is Sawyer, and the defendant husband, 51, married on July 11, 1992 in Darien, Connecticut. Both parties had been previously married and have living children from their respective earlier marriages. No child has been born to the plaintiff since the marriage. The plaintiff has a master's in fine arts which allows her to teach on a college level. She also has held a real estate license and is a photographer. She presently works part time for the Darien Probate Court, earning a total weekly net of $368.00 from all sources.
The defendant has finished two years of college. In January 1992, the defendant joined a business, "Sound Energy", providing full service to 2,800 heating oil customers as well as central air conditioning sales and service. He functions as sales manager and advertising manager, earning a net weekly disposable income of $866.00, including $100.00 received as auto reimbursement.
In 1981 the plaintiff purchased a condominium unit known as 51 Rowayton Woods, Norwalk to which she assigns a current fair market value of $150,000.00 subject to a mortgage of $125,000.00. The real estate taxes are one year in arrears. It is presently CT Page 5284-EEEEE rented and does not appear to carry itself, (cf. Defendant's Exhibit E). In 1989 the plaintiff purchased a residence known as 91 Hollow Tree Ridge Road[1], Darien for $273,000.00 which the court values at $350,000.00 subject to a mortgage balance of $205,000.00. The plaintiff put $80,000.00 cash down payment. The plaintiff described it as the cheapest house in Darien since it was two bedrooms near I-95 with McDonald's across the street. It is presently being offered for sale for $397,500.00.
After their marriage the defendant paid the mortgage, the utilities, the groceries, the plaintiff's student loan, and the recurring debts. The defendant brought no debts to the marriage. In August 1992 the defendant received $53,000.00 from the sale of a parcel of real estate liquidated as part of the dissolution of his first marriage.
The parties conducted an extensive renovation of the Darien home, adding a third bedroom, a bath and other improvements. The plaintiff spent her $100,000.00 of funds received from her first marriage as the defendant spend his settlement.
The plaintiff consulted a lawyer in 1993 after considering the marriage was over after one year since the defendant suggested to plaintiff in the summer of 1993 that their marriage be terminated. The parties separated in September, 1995 when the defendant vacated the premises. He continued to pay the expenses through the end of 1995.
The parties' records indicate that the 1992 addition cost $49,800.00 (Defendant's Exhibit A). The garage renovation done in the same year cost $2,786.00 (Defendant's Exhibit B). The court is satisfied that the parties respective nesteggs were spent on the Darien house, the only substantial asset involved in this case.
Each party enjoys good health except that the defendant is monitored for the effects of Agent Orange every three months. The court further finds that the plaintiff has the potential to reach or perhaps exceed the defendant's earning capacity. She has not been seeking full time employment or self-employment commensurate with her abilities. A short period of rehabilitative periodic alimony is found appropriate, Ippolito v. Ippolito, 28 Conn. App. 745. The defendant is entitled to a share of the net proceeds from the sale of the Darien house which this court intends to order sold. The court further finds that an allowance to CT Page 5284-FFFFF prosecute is in order and will be addressed.
Having reviewed the evidence in light of the case law and the applicable statutes, in particular § 46b-81 and § 46b-82, the court enters judgment dissolving the marriage on the ground of irretrievable breakdown, and issues the following orders as part of the decree.
1. The plaintiff's birth name, Sawyer, is restored to the plaintiff.
2. Any balance due on the pendente alimony order is ordered paid on or before August 31, 1996.
3. The defendant is ordered to pay to the plaintiff, as periodic alimony, $200.00 weekly, for 26 weeks, or until the earlier remarriage of the plaintiff, either party's death, or further court order. This term limitation shall apply despite any subsequent substantial change in circumstances, cf. Scoville v.Scoville, 179 Conn. 277; Rau v. Rau, 37 Conn. App. 209. A contingent wage withholding order is entered. Such payments shall commence on August 16, 1996.
4. The Darien real estate known as 91 Hollow Tree Ridge Road a/k/a 49 Red Cedar is ordered sold. Either party may move this court for further articulation of the order, cf. Roberts v.Roberts, 32 Conn. App. 465. The plaintiff shall pay the defendant at closing the sum of $40,000.00 or 40% of the net proceeds, whichever amount is the smaller. This order is made after consideration of the plaintiff's request for an allowance to prosecute.
5. The debts of each party shall be solely the respective debtor's responsibility.
6. The defendant shall take no action that interferes with the plaintiff's COBRA medical insurance rights.
7. The court makes no order regarding the business known as Spitball Productions and leaves the defendant to determine if he wishes to offer to buy out the plaintiff.
8. The contents of the marital home are awarded to the plaintiff except for any personal effects of the defendant still on the premises. CT Page 5284-GGGGG
Counsel for the plaintiff is directed to prepare the judgment file.
HARRIGAN, JUDGE