[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 26, 1997 I dissolved the parties' marriage and CT Page 6398 entered certain financial orders, including orders concerning the former family home. Pursuant to those orders, the defendant was to transfer all of his right, title and interest in the property to the plaintiff in return for a note and mortgage in the amount of $31,500, which I found to be one-quarter of the then equity. That note is to be payable upon the sale of the house or its "further encumbrance" by the plaintiff.
On March 17 the plaintiff filed a "Motion to Reopen", seeking, inter alia, that I reconsider the order that the note be payable to the defendant upon the plaintiff's "encumbering" of the property in order to allow her to refinance the former family home. The motion alleged that the plaintiff could not afford to keep the home unless it is refinanced to allow smaller monthly payments. The defendant objected on several technical grounds. At the close of argument I stated my intention in my earlier orders that the plaintiff be able to keep the former family home as her residence and suggested to counsel that they discuss a mutually agreeable way for her to do so and also recognize the defendant's interest in payment of his share in the equity. Counsel have failed to reach agreement or to advise me of any agreement they might have made.
Accordingly, I shall treat the plaintiff's "Motion to Reopen" as a motion to reconsider the court's order concerning the former family home and to enter an order that will effectuate the judgment. See Roberts v. Roberts, 32 Conn. App. 465, 471 (1993);Niles v. Niles, 9 Conn. App. 240, 244-46 (1986).
The plaintiff is significantly disabled due to multiple sclerosis. The former family home has been specially adapted, the testimony at trial showed, to accommodate her disability. This accounted for my order that she retain the home. To allow that order to be frustrated by the plaintiff's inability to refinance and pay off the note to the defendant at the same time would be to interfere with the overall integrity of the judgment. See alsoCommissioner of Health Services v. Youth Challenge of GreaterHartford, Inc., 219 Conn. 657, 670 (1991).
Therefore, it is the order of the court that the plaintiff may refinance the former family home only in the amount of the presently outstanding balance of indebtedness and any necessary points, fees and/or charges incident to that refinancing without paying off the note payable to the defendant. CT Page 6399
BY THE COURT,
Shortall, J.