[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED MEMORANDUM OF DECISION RE: FAIR MARKET VALUE OF PREMISES (#185)
The parties cannot agree on the fair market value of 454 Danbury Road, Wilton, Connecticut.
The judgment provided each party was to select an appraiser. If they were unable to agree, the two appraisers were to agree on a third appraiser. No joint selection was agreed upon, so the court appointed an appraiser.
Although the judgment used the phrase "realtor" this court has interpreted the judgment to provide for licensed appraisers to comport with the applicable statute.
At the hearing held June 4, 1997, this court stated the third appraiser appointed by the court is in the nature of an expert witness to assist the court, not a delegation to that witness for finding fair market value binding the court.
The defendant argues that the court may only accept or reject the court appraiser's valuation. The court rejects that interpretation.
It then heard the testimony of Paul Warrenberg, the court appointed licensed real estate appraiser. The witness testified that he employed the direct sales approach to conclude that the parcel in question has a fair market value of $337,500.00. He then employed the cost approach, concluding that the property has a fair market value of $337,815.00.
The court then permitted the plaintiff's appraiser, Alan Glucksman, to testify. He is a licensed real estate appraiser. He also employed the cost approach and the market analysis or comparable sales approach. He concluded the property has a fair market value of $435,000.00.
The subject house is 146 years old. The parcel's frontage is along Route 7. No comparable sale of a residential parcel fronting on Route 7 was found by the plaintiff's witness. He was unaware of any home built on a parcel in Wilton fronting on Route 7 within the last 20 years. In addition, the subject property has a common or "shared" driveway but no garage. CT Page 9100
The defendant's appraiser was not called to the stand.
The court finds the court appointed appraiser has made a more appropriate analysis of existing relevant facts.
The court finds the fair market value to be $325,000.00. If the parties cannot agree on a listing broker, the court retains jurisdiction to hear the parties on carrying out the judgment's provisions, Roberts v. Roberts, 32 Conn. App. 465.
HARRIGAN, J.