[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff wife, 42, and the defendant husband, 46, married on August 31, 1991 in Greenwich, Connecticut. Both parties resided in this state for over one year immediately preceding the filing of the plaintiff's complaint for dissolution of the marriage and other relief. No child has been born to the plaintiff since the date of the marriage. The parties have stipulated in writing that the marriage has broken down CT Page 10958 irretrievably as permitted by § 46b-51.
At the time of the parties' marriage, the plaintiff was the custodial parent of three minor children, issue of her first marriage. At the present time, the youngest is 17 and will become 18 on November 14, 1998. He is no longer in high school. The plaintiff receives $60.00 weekly child support for her son.
On June 15, 1990 the defendant purchased 70 Glenville St., Greenwich, Connecticut for $225,000. (Plaintiff's Exhibit #2) with funds raised via a first mortgage of $191,000, a mortgage of $40,000 placed on a garage then owned by the defendant and his mother, and the balance from his savings. The parties then launched a major renovation of the premises. The defendant is a skilled carpenter who performed much of the work. The plaintiff's brother, a licensed master electrician, helped remove the old roof as well as rewiring the house with a new 200 amp. service with materials supplied by the defendant. In return, the defendant performed carpentry work at his brother-in-law's house. In exchange for the plumbing work at the defendant's premises the defendant worked on a new house with the plumber. The plaintiff's father assisted the defendant at the defendant's house and in exchange the defendant performed work at his father-in-law's home. In all, the defendant bought, bartered or traded for materials and related items a total valued by him at $68,850. In addition, $3,309 was spent on new appliances, (Defendant's Exhibit A). The plaintiff assisted the defendant in any way she could during the renovation process. The court concludes, however, that the original acquisition of the Glenville Street property was entirely from the defendant's funds and the defendant's credit. The bulk of the enhancement in value brought about by the renovation was primarily due to defendant's efforts. The parties have stipulated the premises have a current fair market value of $360,000. It is encumbered by a $219,500 mortgage balance.
The plaintiff had been employed as a dental assistant prior to the marriage. The plaintiff has been working part-time for Glenville Child Care, a facility to accommodate working parents, for the last five years. She also is working part-time for a dentist doing billing and bookkeeping work. She also has a job as hostess at Boodles two nights each week.
The marriage breakdown can be traced, in part, to the defendant's quick temper and to an altercation between the CT Page 10959 defendant and the plaintiff's son in November, 1995. On one prior occasion the defendant pulled the plaintiff out of bed onto the floor.
The final separation occurred in January, 1997 when the plaintiff moved from the marital residence.
The court finds that the defendant has the greater earning capacity as well as possessing greater vocational skills as an experienced, skilled carpenter. The plaintiff has ample employability skills as demonstrated by her varied employment history. Both parties appear to be in good health.
Having considered the evidence in light of the statutory criteria of §§ 46b-81 and 46b-82, the court enters the following decree.
1. Judgment is entered dissolving the marriage on the stipulated ground and each party is declared unmarried.
2. The plaintiff has requested restoration of both her birth name of Crowle and her former name of Hall and it is so ordered.
3. The real estate known as 70 Glenville Street, Greenwich, is ordered sold. The defendant shall immediately list the premises for sale with a real estate broker of his choosing. A copy of the listing agreement shall be furnished to the plaintiff. Any objection to the listing price, terms or conditions shall be brought on by motion to this court. Jurisdiction is retained until the sale is completed, Roberts v.Roberts, 32 Conn. App. 465. The first $45,000 of net proceeds shall be paid to the plaintiff and the defendant shall retain the balance. Pending sale, the defendant shall be responsible for utilities, insurance, maintenance and he shall have possession. He shall add the plaintiff to the homeowner's insurance policy as her interest may appear as a result of this judgment.
4. Each party shall retain the tangible personal property each now possesses free of any claim by the other party. The 1993 Voyager motor vehicle in plaintiff's possession shall be assigned to her as owner by the defendant.
5. The defendant shall pay to the plaintiff as periodic alimony the sum of $200 weekly for a term of two years, non-modifiable as to amount or term unless sooner terminated by the plaintiff's CT Page 10960 remarriage, the death of either party or modification ordered pursuant to § 46b-86(b).
6. The plaintiff is awarded an allowance to prosecute of $5,000 to be paid, at the time of closing of title of 70 Glenville Street, from the defendant's share of net proceeds.
The attorney for the plaintiff is directed to prepare the judgment file.
HARRIGAN, J.