[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The underlying judgement dated August 12, 1997, provided, among other things, that the defendant was to pay the plaintiff the sum of $25,000 within ninety (90) days of the decree in exchange for her interest in the jointly owned marital residence located at 1 Hoyt Road in the Town of Bethel. The judgment further provided that in the event said payment was not timely made, in lieu of said payment, the house shall immediately be listed for sale with a licensed real estate broker in the Bethel area, said broker to be agreed upon by both parties. The judgment further provided that if the parties could not agree on a listing price, then they would have the property appraised by market analyses of three separate real estate brokers. The average of all three brokers' value will be considered the fair market value of the property. The thrust of the initial judgment was that the property was to be kept on the market until it was in fact sold. When the property was to be sold, the plaintiff and the defendant would each be entitled to one-half of the equity. Equity of sale being defined as amount after actual cost, including real estate commission, attorney's fees, conveyance taxes, and then principal balance of the first mortgage. Subsequent to the ninety (90) days, the plaintiff filed a motion for contempt alleging, quite correctly, that more than ninety (90) days had elapsed, and the defendant failed to make payment, and failed to consult with the plaintiff and list the property for sale. By order dated November 24, 1997, defendant was ordered to list the property for sale with Scalzo Real Estate or Shaker Real Estate within ten days at the initial price of $198,500. It was required that the property would remain listed until sold. The property would be sold for the first offer within 3 percent of the listed price, which would be reviewed and revised and reduced by 5 percent every three months, unless otherwise agreed upon.
Subsequent to the stipulation, the property was placed on the market but the defendant unilaterally withdrew the house from the real estate market and from the listing with Scalzo Real Estate, all without informing or obtaining any acquiescence from the plaintiff or the Court.
The defendant failed to pay the plaintiff the $25,000 due and owing November 10, 1997, and the tender two months later of said CT Page 12260 sum to the plaintiff rightfully was rejected. The plaintiff opted for a forced sale of the property pursuant to the order of the Court, but the defendant had further complicated the matter by refinancing the property, which is the subject of this dispute, having the effect of substantially increasing the debt on said property. It should be noted that prior to the judgment of dissolution, the defendant was ordered by the court not to encumber the property. This order did not survive the judgment, and the judgment did not impose any restriction on the defendant to further not hypothecate the property in question.
The plaintiff testified in the present contempt hearing that the $25,000 is not adequate relief for her and she insisted that the property be sold and that she be paid from the proceeds of the sale despite the fact there may be little or no proceeds available for distribution. Her insistence on the sale may be motivated by the fact that her two children live in the home with the defendant and that there is a custody dispute pending. The sale obviously does not inure to her financial benefit since the defendant's action in refinancing the mortgage substantially impaired the equity in the property.
The Court clearly has the power to enter orders effectuating its prior judgments.
Our courts have recognized that a court has ample jurisdiction to enter orders effectuating its prior judgment.Roberts v. Roberts, 32 Conn. App. 465, 629 A.2d 1160 (1993). The court may exercise its equitable powers to fashion such orders as are required to protect the integrity of the judgment.Commissioner of Health Services v. Youth Challenge of GreaterHartford, Inc., 219 Conn. 657, 670, 594 A.2d 958 (1991);Connecticut Pharmaceutical Assn. Inc. v. Milano, 191 Conn. 555,563, 468 A.2d 1230 (1983), and when granting relief from the terms of a judgment, it is within the sound discretion of the court to impose such terms upon the defendant as may be just and reasonable to protect the interests of the parties. This Court finds that its actions in construing the original judgment is an effectuation of the original judgment. See also Demar v. OpenSpace and Conservation Commission, 211 Conn. 416, 559 A.2d 1103
(1989); and Niles v. Niles, 9 Conn. App. 240, 518 A.2d 932
(1986).
It is hereby ordered that both parties shall submit to the Court, within ten days from the date of this decision, the name CT Page 12261 of a mutually agreed upon appraiser. If the parties cannot agree, then three names shall be submitted and the Court shall select one. This order is without prejudice to any review the parties may seek. The appraiser selected shall submit an appraisal within thirty (30) days of his or her selection setting forth the reasonable value of the property located at 1 Hoyt Road in Bethel as of November 12, 1997. Whatever costs are incurred in this process shall be borne by the defendant.
Plaintiff shall then have the option to accept the sum of $25,000, plus the legal rate of interest from November 12, 1997 until said funds are received by her, or one-half of the equity of said property based on the appraisal value less one-half of the balance due on the first mortgage in existence at the time of judgment and as of November 12, 1997, the date of judgment.
In addition to the above, counsel for the plaintiff has submitted an application to the Court for the award of counsel fees and costs incurred that are directly related to defendant's failure to comply with judgment of the Court dated August 12, 1997. Attorney fees and costs are awarded in the amount of $1708.
Owens, J.