[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff wife, 48, whose birth name is Cyr, and the defendant husband, 42, married on September 2, 1995 in Norwalk, Connecticut. The plaintiff has been residing in the state continuously for over one year prior to commencing this action for dissolution of the marriage and other relief thereby affording jurisdiction to the court. No child was born to the plaintiff during the marriage. The plaintiff has an elementary school education and the defendant is a high school graduate but he has an inability to read or write. The plaintiff was previously married and brought $35,000 a to this marriage being the proceeds from her first marriage. The defendant brought no assets to the marriage. Throughout the marriage the plaintiff worked as a clerk in two retail establishments, full-time, for approximately 75 hours weekly. The defendant worked in a retail establishment and also worked part-time as a dishwasher in a restaurant. The plaintiff had higher earnings throughout the marriage. Their earning capacities are not disparate for the plaintiff works more hours weekly. The court finds no reason to award rehabilitative periodic alimony as requested by the defendant. They pooled their earnings with the plaintiff managing their bills. Both parties have good health.
On April 30, 1997 they purchased a home located at 295 Flax Hill Road, Norwalk for $142,000 with the plaintiff contributing the entire down payment of $34,500. In addition, the roof was repaired and paid for by using the plaintiff's Citi credit card on which was charged $3500. There remains a current balance on the card of $2590.46. The defendant moved from the marital home on January 14, 2002 and has not contributed to the maintenance, bills or mortgage since. The plaintiff estimates that it has cost her an additional $10,000 to maintain the property since he left.
The parties dispute the current fair market value of the property. The plaintiffs' appraiser, Edward F.C. McKee, Jr. found the fair market value to be $195,535 using the cost approach and $195,000 using the sales comparison approach. He has assigned $100,000 value to the site i.e. land value (Plaintiff's Exhibit #1). The defendant's appraiser, Allen CT Page 3184 Glucksman, found the fair market value to be $235,413 using the cost approach and $235,000 using the sales comparison approach. He has assigned $150,000 value to the site (Defendant's Exhibit A). The court has compared their reports, evaluated the testimony given by both appraisers and has concluded that the fair market value is $235,000. The mortgage balance stated on the plaintiff's financial affidavit of $106,633 appears more accurate and the equity is found to be $128,367. The plaintiff is credited with the $34,500 deposit, the roof repair of $3,500 and the extra overhead incurred in carrying the property for the last year for a total of $48,000. The remaining equity $80,367 is to be divided 60% to the plaintiff or $48,220 and 40% to the defendant or $32,147.
The court finds that both parties contributed to the causes of the marriage breakdown which had become complete by the time the plaintiff instituted this lawsuit.
The court, having evaluated the evidence in light of relevant statutes and case law, enters the following decree.
1. Judgment is rendered dissolving the marriage on the ground of irretrievable breakdown. Each party is declared to be unmarried.
 2. The birth name Cyr is restored to the plaintiff.
3. The plaintiff is awarded the defendant's interest in 295 Flax Hill Road, Norwalk to be deeded to her upon payment to the defendant of $32,147 all to be done on or before May 31, 2003 in order to allow the plaintiff time to refinance said property. If the plaintiff is unable to obtain a new mortgage commitment by April 1, 2003 or if she elects not to refinance the property then she shall notify the defendant's lawyer of such choice and the property shall be listed for sale. Any disputes arising concerning this order may be brought to the court via motion which shall be assigned for an immediate hearing, Roberts v. Roberts,32 Conn. App. 465.
4. The plaintiff shall be solely responsible for the liabilities listed on her financial affidavit and the defendant shall be solely responsible for the debts listed on his financial affidavit.
5. Each party shall retain the assets listed on their respective affidavits.
6. The plaintiff shall retain the contents of the marital home except for the defendant's personal effects which may still be on the premises including his video tapes and magazines.
 So Ordered Harrigan, J.T.R.
CT Page 3185
[EDITORS' NOTE: This page is blank.] CT Page 3186